978 A.2d 349

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Israel SANTIAGO, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 20, 2009.

Decided Aug. 25, 2009.

Randolph L. Goldman, Esq., Philadelphia, for Santiago, Israel.

Hugh J. Burns, Jr., Esq., Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

## OPINION

Chief Justice CASTILLE.

In this case, court-appointed appellate counsel filed an *Anders*[1] brief and an accompanying petition to withdraw from representation on the grounds that his client's direct appeal is wholly frivolous. We assumed plenary jurisdiction to review the Superior Court's determination that counsel's brief failed to meet the requirements of *Anders* and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), and to consider Pennsylvania's current procedure for withdrawal of counsel in *Anders* cases. For the reasons that follow, we agree with the Superior Court's conclusion that the brief was inadequate, albeit on different grounds. Further, upon consideration of the submissions concerning the proper contours of an *Anders* brief, as well as a consideration of relevant cases decided since *McClendon*, we will adjust prospectively our rules regarding the contents of an *Anders* brief in Pennsylvania. In appeals where the briefing notice is issued after the date of the decision in this case, counsel who seek to withdraw on grounds that their clients' appeals are frivolous shall set forth the reasons for that conclusion in the *Anders* brief. Accordingly, we affirm the Order of the Superior Court and remand this case for further proceedings consistent with this Opinion.

## I.

Appellant Israel Santiago ("Santiago") was charged with possession of a controlled substance, possession with intent to

1. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief that accompanies court-appointed appellate counsel's petition to withdraw from representation is commonly referred to as an *Anders* brief.

deliver a controlled substance, and criminal conspiracy. 35 P.S. § 780–113(a)(16), (30); 18 Pa.C.S. § 903. Following a jury trial in March of 2006, Santiago was found guilty of all charges, and on April 19, 2006, he was sentenced to 21 to 42 months of incarceration, to be followed by three years' probation. Santiago filed a motion for reconsideration of sentence, which was denied, and a timely appeal was filed on August 23, 2006.

On July 17, 2007, Santiago's court-appointed appellate counsel filed a petition to withdraw from representation and an accompanying *Anders* brief with the Superior Court. In his brief, counsel stated that the question involved was: "whether there are any issues of arguable merit that could be raised on direct appeal presently before this court and whether the appeal is wholly frivolous." Brief at 4. Counsel set forth the procedural and factual history of Santiago's case, with citations to the record. Counsel stated that he had reviewed the entire record and concluded that Santiago's appeal was wholly frivolous, as there were no meritorious issues to present. Counsel did not summarize his own review of the record with an eye toward possible appellate issues, but instead identified two challenges to the sufficiency of the evidence that the defendant himself had asked counsel to raise, and referred to testimony elicited at trial that is arguably supportive of Santiago's claims. Counsel represented that he had informed Santiago that a petition to withdraw as counsel was being filed with the court; that he had forwarded a copy of the *Anders* brief to Santiago; and that he had advised Santiago of his rights to retain new counsel or to proceed *pro se.*

On May 2, 2008, a three-member panel of the Superior Court unanimously denied counsel's petition to withdraw. The Superior Court began by reviewing the three requirements that counsel must meet before he is permitted to withdraw from representation: First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and

third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention. Super. Ct. Op. at 2 (citing *Commonwealth v. Ferguson*, 761 A.2d 613, 616 (Pa.Super.2000)). The court then concluded that counsel fulfilled the first and third requirements for withdrawal, but did not satisfy the second, having failed to file an adequate brief. *Id.* at 3.

In the Superior Court's view, counsel's brief was deficient because it resembled a no-merit letter,[2] not a "neutral" *Anders* brief. The court stated that "[a] proper *Anders* brief does not explain why issues are frivolous and does not develop arguments against appellant's interests[,]" but rather, "articulates the issues in neutral form, cites relevant legal authorities, references appropriate portions in the record to aid the court's review, and concludes that, after a thorough review of the record, the appeal is wholly frivolous." *Id.* (citing *Commonwealth v. Smith*, 700 A.2d 1301, 1304 (Pa.Super.1997)). The court further stated that "[a]lthough appellant's counsel need not advocate strongly for issues he feels are frivolous, 'a brief that essentially argues for affirmance is unacceptable.' " *Id.* at 3–4 (quoting *Commonwealth v. Vilsaint*, 893 A.2d 753, 758 (Pa.Super.2006)). Last, the court noted that even though counsel's brief identified two claims regarding the sufficiency of the evidence and referred to evidence of record that purportedly supported those claims, the brief was deficient because it did not set forth the appropriate scope and standard of appellate review for sufficiency claims, cite case law in support of the claims or provide any analysis on the claims. *Id.* at 5.

Accordingly, the Superior Court held that counsel's brief in support of his petition to withdraw failed to meet the requirements for such a brief as articulated by the United States

---

**2.** A no-merit letter is filed by an attorney who seeks to withdraw from representation in a collateral proceeding. *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927, 928 (1988) (clarifying that attorney who seeks to withdraw in collateral matters must present no-merit letter detailing nature and extent of his review and listing each issue petitioner wished to have raised, with counsel's explanation of why those issues are meritless).

Supreme Court in *Anders* and this Court in *McClendon.* Based on this holding, the court denied counsel's petition to withdraw, retained jurisdiction, and remanded the case for counsel to file an advocate's brief or a compliant *Anders* brief, along with a petition to withdraw, within 30 days of the court's Opinion and Order.

On May 27, 2008, counsel filed a petition for allowance of appeal with this Court, asserting that the Superior Court's determination that his brief was deficient under *Anders* and *McClendon* was erroneous and unfairly burdensome to court-appointed attorneys, and that our review of the Superior Court's decision was necessary to ensure that the principles enunciated in those cases are being properly applied in Pennsylvania.[3] Subsequently, the District Attorney of Philadelphia County filed a motion in support of counsel's petition. This Court assumed plenary jurisdiction and granted review of the following issues:

> 1. Did the Superior Court err in concluding that [counsel's] brief filed in that court failed to comply with the requirements for an *Anders* brief?
>
> 2. Do the requirements set forth by the Superior Court for an *Anders* brief extend beyond those set by the United States Supreme Court and the Pennsylvania Supreme Court?

*Commonwealth v. Santiago,* 598 Pa. 609, 959 A.2d 909 (2008).[4]

Counsel's overarching contention is that the Superior Court has intruded upon this Court's rule-making authority under

3. Given the procedural context in which the petition was filed—*i.e.,* the Superior Court had not yet decided the underlying appeal—and the nature of counsel's request, we treated this matter as a Pa.R.A.P. 123 application for relief invoking our plenary jurisdiction. *See* 42 Pa.C.S. § 726 ("Notwithstanding any other provision of law, the Supreme Court may, on its own motion or upon petition of any party, in any matter pending before any court or district justice of this Commonwealth involving an issue of immediate public importance, assume plenary jurisdiction of such matter at any stage thereof and enter a final order or otherwise cause right and justice to be done.").

4. The issues in this appeal raise questions of law. Thus, our scope of review is plenary and our standard of review is *de novo. Castellani v. Scranton Times, L.P.,* 598 Pa. 283, 956 A.2d 937, 943 (2008).

Article V, Section 10(c) of the Pennsylvania Constitution by developing standards for the brief that accompanies court-appointed appellate counsel's petition to withdraw that neither *Anders* nor *McClendon* requires. According to counsel, *Anders* and *McClendon* do not mandate, as the Superior Court has stated, that every such brief (1) must present supporting legal argument on issues identified therein and (2) must avoid any explanation as to why the issues lack arguable merit.

With respect to the brief he filed in particular, counsel maintains that it fully complied with *Anders* and *McClendon*, and was rejected for reasons entirely of the Superior Court's own making. Counsel argues that the Superior Court had no basis on which to conclude that the brief improperly argued against Santiago's interests. Counsel further argues that because he could not, in good faith, argue issues that he believes have no merit, the Superior Court incorrectly faulted him for not supporting Santiago's sufficiency of the evidence claims with case law and analysis. Counsel also contends that the Superior Court erred by requiring the standard of review and scope of review that a court is required to use when evaluating sufficiency claims, since the only question the brief actually presented was whether Santiago's appeal was wholly frivolous.

Last, counsel asks that we adopt a rule similar to the rule instituted by the United States Court of Appeals for the Third Circuit, and require that an attorney filing an *Anders* brief explain in his brief why the issues identified therein lack arguable merit. *See United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001), *cert. denied*, 535 U.S. 1087, 122 S.Ct. 1980, 152 L.Ed.2d 1037 (2002) (clarifying that duties of counsel when preparing *Anders* brief are to satisfy court that counsel has thoroughly examined record in search of appealable issues and explain why issues are frivolous).

The Commonwealth largely argues these same points. The Commonwealth contends that counsel's brief satisfied *Anders* and *McClendon*, and that the brief the Superior Court would have counsel submit, essentially requiring counsel to advocate sufficiency of the evidence claims that counsel believes are

frivolous, places him in an ethical quandary and, possibly, in violation of the Code of Professional Responsibility. *See* Pa.R.P.C. 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."). Where the Commonwealth and counsel part ways is on the issue of whether this Court should require an attorney seeking to withdraw to explain in his or her brief why a client's appeal is frivolous, as does the Third Circuit. The Commonwealth argues that Pennsylvania law in its current state neither requires nor prohibits such an explanation, but allows counsel to include such an argument in the brief at his or her discretion, and submits that this scheme should be left intact.

## II.

We begin our discussion with the United States Supreme Court's seminal decision in *Anders*. There, the defendant was convicted in state court of a drug-related felony and sought to appeal. After reviewing the record, the defendant's court-appointed attorney filed a letter with the California District Court stating that he would not be filing a brief, as he was of the opinion that his client's appeal was without merit. Denied the appointment of new counsel, the defendant filed a *pro se* brief. The District Court affirmed his conviction. The defendant then filed a petition for a writ of *habeas corpus* seeking to reopen his case on the ground that he was deprived of his right to counsel on appeal. The District Court denied the defendant's petition, as did the California Supreme Court. The United States Supreme Court granted *certiorari,* and reversed and remanded.

Referring to its line of cases imposing constitutional constraints on State-created procedures for appellate review, the *Anders* Court observed that procedures which discriminated between the affluent and the indigent defendant had been struck down as invalid. 386 U.S. at 741, 87 S.Ct. 1396 (citing *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891

(1956), and *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)). The Court also took note of its prior decisions in which it concluded that indigent defendants who were on appeal from felony convictions had a right to counsel under the Sixth Amendment, and that the right to counsel applies to the States through the Fourteenth Amendment. *Id.* at 741–42, 87 S.Ct. 1396 (citing *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and *Douglas,* 372 U.S. at 358, 83 S.Ct. 814). The Court did, however, acknowledge that in cases that involve frivolous appeals, counsel may request and receive permission to withdraw without depriving the indigent defendant of his right to representation, provided certain safeguards are met. *Id.* (citing *Ellis v. United States,* 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958) (explaining that counsel may ask to withdraw, if after a conscientious investigation, he is convinced that client's appeal is frivolous, and court may grant request, if satisfied that counsel has diligently investigated possible grounds of appeal and agrees with counsel's evaluation of case)).

■ After reviewing the steps taken by counsel and the courts under California's procedure for withdrawal, the *Anders* Court concluded that the procedure did not furnish the defendant with an attorney acting as an advocate or resolve the appeal with an attorney functioning in that capacity. Thus, the Court determined that the procedure did not comport with fair procedure and lacked the equality the Fourteenth Amendment requires. The Court noted that the principle of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate on behalf of his client, as opposed to an *amicus curiae. Id.* at 741, 744, 87 S.Ct. 1396. The Court then outlined a procedure for counsel and the courts to follow when a court-appointed lawyer seeks to withdraw from representation on appeal, stating:

> [Counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and

request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744, 87 S.Ct. 1396.[5]

After *Anders,* the Supreme Court reviewed the constitutionality of several state procedures governing the withdrawal of court-appointed appellate counsel. In one such case, *McCoy v. Wisconsin,* 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988), the Supreme Court considered Wisconsin's rule, which the defendant had argued departed from the procedure outlined in *Anders* by requiring counsel to discuss in his brief why any issue identified as arguably supporting the appeal lacked merit. The defendant's court-appointed attorney, who had determined that an appeal from the defendant's judgment

---

**5.** Thus, under *Anders,* the procedure for withdrawal from representation by court-appointed appellate counsel consists of two parts. The first concerns the obligations of counsel; the second concerns the role of the court. As to the latter, in Pennsylvania, when counsel meets his or her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *McClendon,* 434 A.2d at 1187. *Compare with Youla,* 241 F.3d at 300–01 (citing *United States v. Wagner,* 103 F.3d 551, 552–53 (7th Cir.1996) (explaining that where counsel's brief appears adequate on its face, court confines its scrutiny on question of frivolity to those issues and portions of record identified by brief and, if filed, appellant's *pro se* brief)).

This appeal involves that part of Pennsylvania's procedure that concerns counsel's obligations, specifically the brief that counsel must file. We do not address that part of the procedure that concerns the role of the court.

of sentence would be entirely useless, refused to follow the rule and filed an original action in the Wisconsin Supreme Court, contending that the rule was unethical and unconstitutional. The Wisconsin Supreme Court rejected counsel's contention, concluding that the rule was consistent with the duties court-appointed counsel owed to his client and the court under *Anders*. The United States Supreme Court noted probable jurisdiction and affirmed.

The *McCoy* Court reiterated the basic propositions set forth in *Anders:* (1) that a State's enforcement of its criminal laws must comply with the principle of substantial equality and fair procedure embodied in the Fourteenth Amendment; (2) that under the Sixth Amendment, the indigent have the same right to effective representation by an active advocate as a defendant who can afford to retain counsel; (3) that the principle of substantial equality is not compromised by the fact that an appointed appellate lawyer finds it necessary to file a petition to withdraw because he believes his client's appeal is frivolous; but that (4) the principle of substantial equality requires that counsel make the same diligent and thorough evaluation of the case as a retained lawyer before concluding that an appeal is frivolous, and that only after such an evaluation has led counsel to the conclusion that the appeal is wholly frivolous is counsel justified in making his petition to withdraw. *Id.* at 435–37, 108 S.Ct. 1895.

The Court then described counsel's role in procedures for withdrawal as follows:

> The appellate lawyer must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal. In preparing and evaluating the case, and in advising the client as to the prospects for success, counsel must consistently serve the client's interest to the best of his or her ability. Only after such an evaluation has led counsel to the conclusion that the appeal is "wholly frivolous" [10] is counsel justified in making a motion to withdraw. This is the central teaching of *Anders*.

10 The terms "wholly frivolous" and "without merit" are often used interchangeably in the *Anders,* [sic] brief context. Whatever term is used to describe the conclusion an attorney must reach as to the appeal before requesting to withdraw and the court must reach before granting the request, what is required is a determination that the appeal lacks any basis in law or fact.

*Id.* at 438, 108 S.Ct. 1895 (footnote 11 omitted).

The *McCoy* Court followed with a discussion of its statement in *Anders* that a petition to withdraw must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal[,]' " and clarified that such a brief is not expected to serve as a substitute for an advocate's brief on the merits. *Id.* at 439, 108 S.Ct. 1895. Rather, the *Anders* brief aims to provide the appellate courts with a means for making two determinations—whether appointed counsel has fully supported his client's appeal to the best of his ability and whether the appeal is indeed so lacking in merit that counsel should be permitted to withdraw. *Id.* & n. 13. In the Court's view, Wisconsin's rule satisfied that purpose, and merely went one step further than the requirement as stated in *Anders.* That is, instead of relying on an unexplained assumption that the attorney had discovered law or facts that negated the arguments identified in the brief, the Wisconsin rule required some demonstration that such was the case. *Id.* at 442, 108 S.Ct. 1895.

On the question of whether the Wisconsin rule was consistent with the Court's holding in *Anders,* the *McCoy* Court considered that attorneys are obligated to act with candor in presenting claims and that the rules of ethics set forth circumstances in which an attorney must disclose facts or law that do not advance his client's interests. Accordingly, the Court determined that the Wisconsin rule did not deny the client effective assistance of counsel any more than the rules of ethics do. *Id.* at 441, 108 S.Ct. 1895. Further, the Court concluded that under the articulation requirement imposed by the Wisconsin rule, an attorney still provided the services that are given a paying client—an advocate's thorough and zealous review of the record and a presentation of the strongest arguments from the record revealed by that review. *Id.* at

443–44. Thus, the Court concluded that counsel did not violate his duty to his client by supporting a petition to withdraw with a brief that complies with both *Anders* and the Wisconsin rule. *Id.* at 444, 108 S.Ct. 1895.

Most recently, in *Smith v. Robbins,* 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), the High Court considered the constitutionality of the modified procedure California established for the withdrawal of appointed counsel, post-*Anders,* in *People v. Wende,* 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071 (1979). In *Smith,* the defendant was convicted of and sentenced for second-degree murder and grand theft. The defendant's appointed counsel concluded that an appeal would be frivolous and filed a *Wende* brief. In the brief, counsel summarized the procedural and factual history of the case, with citations to the record, and attested that he had reviewed the record, explained his evaluation of the case to his client, provided the client with a copy of the brief, and informed the client of his right to file a *pro se* supplemental brief. Counsel did not identify any issues or explicitly state that his review had led him to conclude that an appeal was frivolous (although that was considered implicit) or ask for leave to withdraw. Rather, counsel requested that the court independently examine the record for arguable issues and expressed his availability to brief any issues on which the court might direct briefing. The defendant filed his own *pro se* brief.

The California appellate courts affirmed the defendant's judgment of sentence. After exhausting his state remedies, the defendant filed a petition for a writ of *habeas corpus* in federal district court. The district court concluded that there were at least two issues that, under *Anders,* counsel should have raised in his brief. The United States Court of Appeals for the Ninth Circuit affirmed, concluding that counsel's *Wende* brief was constitutionally inadequate because it did not, as *Anders* mandates, refer to anything in the record that might arguably support the appeal. On *certiorari,* the Supreme Court reversed and remanded.

The first question the *Smith* Court settled was whether the procedure the Court announced in *Anders* was obligatory

upon the States and thus, the *Wende* procedure was unconstitutional simply because it differed from *Anders.* Citing *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), the Court noted that "the *Anders* procedure is not 'an independent constitutional command,' but rather is just a 'prophylactic framework' established to vindicate the constitutional right to appointed counsel in *Douglas."* 528 U.S. at 273, 120 S.Ct. 746. In keeping with the Court's "established practice of permitting the States, within the broad bounds of the Constitution, to experiment with solutions to difficult questions of policy," the Court concluded that the *Anders* procedure was "merely one method of satisfying the requirements of the Constitution for indigent criminal appeals." *Id.* at 274–76, 120 S.Ct. 746.

Furthermore, the *Smith* Court specifically emphasized that it was for the States, and not the High Court, to devise the necessary rules and framework to guard the right to appellate counsel. Thus, the Court noted that "any procedure we described in the last section of *Anders* that converted it from a suggestion into a straightjacket would contravene our established practice, rooted in federalism, of allowing the States wide discretion, subject to the minimum requirements of the Fourteenth Amendment, to experiment with solutions of policy." *Id.* at 274, 120 S.Ct. 746. Indeed, the Court continued, *Griffin* itself, the foundational case for the holding in *Anders,* "expressly disclaimed any pretensions to rulemaking authority for the States in the area of indigent criminal appeals." *Id.* at 273–74, 120 S.Ct. 746.

Ultimately, and consistently with this construct, the *Smith* Court held that California's *Wende* procedure was not unconstitutional merely because it diverged from the *Anders* procedure. *Id.* at 276, 120 S.Ct. 746. The Court then turned to consider the *Wende* procedure on its own merits. The Court explained that in this area, the Fourteenth Amendment's Equal Protection and Due Process Clauses converge "to require that a State's procedure 'affor[d] adequate and effective appellate review to indigent defendants,'" and that a State's procedure provides such review so long as "it reasonably

ensures that an indigent's appeal will be resolved in a way that is related to the merit of that appeal." *Id.* at 276–77, 120 S.Ct. 746 (footnote and citations omitted). The Court concluded that the *Wende* procedure met this standard, and thus, reversed the Ninth Circuit's judgment that the procedure failed to serve the constitutional principles identified in *Anders. Id.* at 278–79, 120 S.Ct. 746.

In so doing, the Court made clear that although indigents generally have a right to counsel on a first appeal, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing such an appeal. *Id.* at 278, 120 S.Ct. 746. In the Court's view, this distinction gave meaning to the Court's long-standing emphasis on an indigent appellant's right to "advocacy." *Id.* at n. 10. As the Court put it, "[a]lthough an indigent whose appeal is frivolous has no right to have an advocate make his case to the appellate court, such an indigent does, in all cases, have the right to have an attorney, zealous for the indigent's interests, evaluate his case and attempt to discern nonfrivolous arguments." *Id.*

### III.

Soon after the High Court's decision in *Anders,* in *Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201, 212 (1968), this Court held that the *Anders* procedure must be followed in Pennsylvania when court-appointed appellate counsel seeks to withdraw. The *Baker* Court viewed *Anders* as affording state courts little discretion, stating: "the Supreme Court has set forth very strict standards, now applicable to the States, which counsel and the appellate courts must follow before an attorney may be permitted to withdraw his services." *Id.* at 211, 239 A.2d 201. Since *Baker,* this Court has reaffirmed its commitment to *Anders* on numerous occasions, and has not, as is the case in other jurisdictions, fashioned an alternative procedure for withdrawal either through case decisions or through formal rulemaking. *See, e.g., Thornton v. Pa. Bd. of Prob. & Parole,* 525 Pa. 180, 578 A.2d 1289 (1990); *Smith v. Pa. Bd. of Prob. & Parole,* 524 Pa. 500, 574 A.2d 558 (1990);

*McClendon,* 434 A.2d at 1185; *Commonwealth v. Collier,* 489 Pa. 26, 413 A.2d 680 (1980); *Commonwealth v. Perry,* 464 Pa. 272, 346 A.2d 554 (1975); *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513 (1974); *Commonwealth v. Jones,* 451 Pa. 69, 301 A.2d 811 (1973); *see also* Martha C. Warner, *Anders in the Fifty States: Some Appellants' Equal Protection Is More Equal Than Others',* 23 FLA. ST. U.L.REV. 625 (1996). With regard to the contents of the brief that counsel must file, we have repeatedly required, as *Anders* directs, that the brief refer to anything in the record that might arguably support the appeal. *Id.*

This is not to say that the *Anders* course in Pennsylvania has been a smooth one. The last significant adjustment by this Court occurred in *McClendon.* There, we explored the underpinnings of *Anders* and determined that, contrary to our prior conclusion in *Commonwealth v. Perry,* the brief that *Anders* counsel must file may include an explanation as to why an appeal is frivolous. *See Perry,* 346 A.2d at 555 (determining that attorney who explained in brief why client's appeal was frivolous had abandoned his role as advocate and improperly assumed role of *amicus curiae* ). Although McClendon concluded that a brief that explained why each of the points raised therein would fail was consistent with *Anders,* we did not institute a rule requiring that *Anders* briefs contain such an explanation.

Our decision in *McClendon* was premised on the recognition that *Anders* rests on the distinction between complete frivolity and the absence of merit, and that only the former supports counsel's request to withdraw and a court's order granting the request. We also determined that the major thrust of *Anders,* which is to assure that counsel undertakes a careful assessment of any available claim that an indigent appellant might have, is achieved by requiring counsel to conduct an exhaustive examination of the record and by also placing the responsibility on the reviewing court to make an independent determination of the merits of the appeal. We stated:

The dilemma created by the *Perry* reasoning becomes apparent when we consider the definition of the term "wholly

frivolous" adopted in this jurisdiction [in *Commonwealth v. Greer.*] If the *Greer* definition of "wholly frivolous" means that there are no points present that "might arguably support an appeal" counsel is saddled with an impossible burden, if he is nevertheless required to file a brief containing arguments that are nonexistent. If on the other hand, there are claims of arguable merit, even though counsel may not have any confidence in them, under *Greer* the appeal is not "wholly frivolous" and counsel is not entitled to seek leave to withdraw. Thus following the *Perry* rationale to its logical conclusion the right of counsel to seek leave to withdraw would be illusory. We do not believe that such a result was ever intended by the United States Supreme Court.

\*　　\*　　\*　　\*　　\*　　\*

The fallacy in a strict adherence to the *Perry* rationale is obvious. Once we are satisfied with the accuracy of counsel's assessment of the appeal as being wholly frivolous, counsel has fully discharged his responsibility. The role of an advocate, insisted upon in *Anders,* refers to the manner in which the record was examined in an effort to uncover grounds to support the appeal. Where counsel has in good faith satisfied that obligation and found the appeal to be wholly frivolous, he can do no more. We reject the view that his explanation of why there is no basis for an appeal should be interpreted as reflecting counsel's lack of concern in the client's cause. Nor can that fact be assigned as a reason for concluding that the client did not receive this constitutionally protected right of representation.

434 A.2d at 1188.

## IV.

Applying these principles to counsel's brief in the instant case, we conclude that the brief does not satisfy *Anders* and *McClendon,* but not for the reasons the Superior Court stat-

ed.[6] Turning first to the Superior Court's decision, we disagree with the panel's finding that the brief was inadequate because it argued adversely to Santiago's interests. The brief did not argue for affirmance of Santiago's judgment of sentence nor did it argue against the sufficiency of the evidence claims Santiago asked counsel to raise. Further, despite the Superior Court's observation to the contrary, even if the brief had explained why the issues it identified were wholly frivolous, such an explanation would have been entirely unobjectionable, under *McClendon* and *McCoy*.

Moreover, what served as the Superior Court's primary basis for deeming the brief deficient, *i.e.*, its failure to develop a legal argument with a standard of review and supporting cases as to the sufficiency issues it identified, was erroneous. Neither *Anders* nor *McClendon* requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396; *McClendon*, 434 A.2d at 1185. Indeed, we have recognized and emphasized the difference between an *Anders* brief, which offers an issue for a court's consideration, but reflects counsel's candid assessment of the complete lack of merit in his client's case, and a merits brief, which implies that an issue is worthy of review and has some chance of succeeding. *See Smith*, 574 A.2d at 564 ("By filing an *Anders* brief, a lawyer does not advocate arguments he believes are 'wholly frivolous'; rather, he presents them for the court's confirmation of his belief."). The Superior Court's reasoning here erroneously blurred that significant distinction.[7]

**6.** As the United States Supreme Court emphasized in *Smith*, there are any number of different briefs that may pass constitutional muster; a classic *Anders* brief is only one such brief. 528 U.S. at 272, 120 S.Ct. 746. To be clear, we only address whether counsel's brief was compliant with the *Anders* procedure adopted in Pennsylvania. We do not address whether counsel's brief, although inadequate under *Anders*, satisfies the minimum applicable constitutional concerns.

**7.** To the extent that any Pennsylvania decisions have rejected an *Anders* brief because the brief failed to develop a legal argument in support of

We add, however, that even though the Superior Court erred, we do not view its error as an attempted usurpation of our constitutional rule-making power, as the parties presently contend. Rather, the Superior Court's error is one of mistaken application of *Anders* and *McClendon.*

■ Our independent conclusion that counsel's brief does not satisfy the *Anders/McClendon* procedure is premised on the express instruction the Supreme Court gave in its decision in *Anders*, *i.e.,* that the brief should refer to anything in the record that might arguably support the appeal. In his brief in the case *sub judice,* counsel identified the claims that his client asked for inclusion in the brief and cited to testimony from the trial that arguably supported those claims. Counsel did not, however, advert to his own review of the record or flag anything in the record that he himself saw as having some chance of prevailing on appeal, but which he ultimately rejected as frivolous. Nor did counsel state that there were no such references for him to make. Without one or the other, we are not assured, as *Anders* requires, that counsel fully performed his duty as Santiago's advocate to independently search the record as a trained advocate with an eye to uncovering appealable error, before concluding that Santiago's appeal was frivolous. Under *Anders,* the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal. The universe of potential claims is not limited to those claims and testimony that counsel's un-schooled client believes the court should consider. Therefore, we hold that the brief counsel presently submitted was insufficient.

## V.

We now consider counsel's argument that Pennsylvania's procedure for the withdrawal of court-appointed appellate counsel should be modified to impose upon counsel the obli-

an issue or provided an explanation as to why an issue was frivolous, such decisions are hereby disapproved.

gation to explain in the *Anders* brief why the client's appeal is frivolous. As we have noted above, *McClendon* found that such an explanation is consistent with *Anders* and may be included in counsel's brief. This case having presented an opportunity to fully consider the appropriate procedure, and with the benefit of the developments in this area since *McClendon* was decided nearly thirty years ago, including *McCoy* and *Smith,* we hold that a discussion of counsel's reasons for believing that the client's appeal is frivolous is mandatory and must be included in counsel's brief.

We are persuaded that requiring counsel to articulate the basis for his or her conclusion of frivolity will advance the twin functions counsel's *Anders* brief is to serve, *i.e.,* it will assist the intermediate appellate courts in determining whether counsel has conducted a thorough and diligent review of the case to discover appealable issues and whether the appeal is indeed frivolous. In this context, we believe that there is real value in putting pen to paper. As the United States Supreme Court has noted, the task of articulating reasons can shed new light on what may at first appear to be an open-and-shut issue. *See Penson v. Ohio,* 488 U.S. 75, 81 n. 4, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). It can also reveal to counsel previously unrecognized aspects of the record or the law and thereby provide a safeguard against a hastily-drawn or mistaken conclusion of frivolity. *See McCoy,* 486 U.S. at 442, 108 S.Ct. 1895. In addition, we believe that it is often the case that the basis for an attorney's opinion that an appeal is frivolous is not readily apparent, and that accordingly, counsel's explanation will significantly assist the courts in passing upon the soundness of counsel's conclusion, which, in turn, vindicates the right to counsel.

 Accordingly, we hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal

is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. We recognize that this is a significant adjustment in our decisional law concerning *Anders*. Accordingly, the procedure we have set forth today shall take effect prospectively: It shall apply to briefs in cases where the briefing notice is issued after the date of the filing of this Opinion. *See Commonwealth v. Freeman*, 573 Pa. 532, 827 A.2d 385, 403 (2003) (applying the new general rule abrogating the doctrine of relaxed waiver in direct capital appeals prospectively, beginning with briefs not yet filed and not due for thirty days or more after date of decision).[8]

For the foregoing reasons, the Order of the Superior Court is affirmed, albeit on different grounds, and this case is remanded to the Superior Court for further proceedings consistent with this Opinion. If counsel files another *Anders* brief, said brief is to conform to the requirements set forth in this Opinion.

Justice GREENSPAN did not participate in the consideration or decision of this case.

Justice SAYLOR, EAKIN, and BAER, Justice TODD and Justice McCAFFERY join the opinion.

---

8. The defendant may also file a brief, proceeding *pro se*, to the extent that he has issues or other matters for the court to consider and/or a response to make to counsel's brief.