J-S40032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE LUIS BATISTA | |
| Appellant | No. 178 MDA 2014 |

Appeal from the Judgment of Sentence November 26, 2013
In the Court of Common Pleas of York County
Civil Division at No(s): CP-67-CR-0003680-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 07, 2014**

Appellant, Jose Luis Batista, appeals from the judgment of sentence entered November 26, 2013, by the Honorable Gregory M. Snyder, Court of Common Pleas of York County.  Additionally, Batista's court-appointed counsel, Michael A. Rutt, Esquire, has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009). After careful review, we affirm Batista's judgment of sentence and grant counsel's petition to withdraw.

Shortly after midnight on April 5, 2013, York City Police Officer Matthew DeWitt was on routine patrol when he observed Batista walking up the porch to a residence located at 605 West Princess Street.  ***See*** N.T., Jury Trial, 10/11/13 at 64-65.  When Officer DeWitt drove by the residence again

a few minutes later, he observed Batista walking down the street carrying a 50-inch flat screen television. *See id*. at 6. Officer DeWitt stopped his vehicle to question Batista, who said that he had purchased the television for $40 from an African-American male and gestured vaguely to the end of the block. *See id.* at 66. When Officer DeWitt asked Batista where his home was, Batista pointed westbound on West Princess Street; although at the time, he was walking eastbound. *See id*.

At this point, two other officers went to the residence Batista was last observed walking to at 605 West Princess Street, where the residents were sound asleep. *See id*. As the residents turned on the lights in their living room, they noticed that a large television was missing. *See id*. at 67. Also missing from the home was an iPod Nano and a white DVD remote, both of which were subsequently located by police in Batista's pockets. *See id*. at 68. Batista then admitted to Officer DeWitt that he had obtained the items from the house. *See id*. at 69.

Batista was arrested and charged with Burglary,[1] Criminal Trespass,[2] Theft by Unlawful Taking-Movable Property,[3] and Receiving Stolen Property.[4] Following a jury trial, Batista was convicted of all charges. On November 25,

_____

[1] 18 Pa.C.S.A. § 3502(a)(1).
[2] 18 Pa.C.S.A. § 3503(a)(1)(i).
[3] 18 Pa.C.S.A. § 3921(a).
[4] 18 Pa.C.S.A. § 3925(a).

2013, the trial court sentenced Batista to 70 to 140 months' imprisonment. Batista did not file post-sentence motions. This appeal followed.

As noted, Attorney Rutt has requested to withdraw and has submitted an **Anders** brief in support thereof contending that Batista's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 602 Pa. 159, 178-79, 978 A.2d 349, 361 (2009).

We note that Attorney Rutt has complied with all of the requirements of **Anders** as articulated in **Santiago**. Additionally, Attorney Rutt confirms that he sent a copy of the **Anders** brief to Batista as well as a letter explaining to Batista that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to Attorney Rutt's petition, as required by this Court's decision in **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), in which we held that "to facilitate appellate review, … counsel *must* attach as an exhibit to the

petition to withdraw filed with this Court a copy of the letter sent to counsel's client giving notice of the client's rights." *Id*. at 749 (emphasis in original).

We will now proceed to examine the issues counsel set forth in the *Anders* brief.[5]  Counsel argues that Batista's convictions were against the weight and sufficiency of the evidence.  Preliminarily, we note that "a weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." *Commonwealth v. Thomson*, --- A.3d ---, 2014 WL 2131965 at *9 (Pa. Super., filed May 22, 2014) (citing Pa.R.Crim.P. 607).  Failure to do so will result in waiver of the claim on appeal. *See id*.

Instantly, Batista failed to raise a challenge to the weight of the evidence to support his conviction either at sentencing or in a post-sentence motion.  Therefore, this claim is waived. *See id*.

Batista alternatively challenges the sufficiency of the evidence to support his convictions.  We review a challenge to the sufficiency of the evidence as follows:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our

_____

[5] Batista has not filed a response to Attorney Rutt's petition to withdraw.

judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

As noted, a jury convicted Batista of Burglary, Criminal Trespass, Theft by Unlawful Taking - Moveable Property, and Receiving Stolen Property. An individual is guilty of burglary under 18 Pa.C.S.A. § 3502(a)(1) where he "enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present" with the intent to commit a crime therein.

An individual commits the offense of trespass pursuant to 18 Pa.C.S.A. § 3053(a)(1)(i) if, "knowing that he is not licensed or privileged to do so, he: (i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof…."

A person commits the offense of theft by unlawful taking – moveable property "if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a).

Finally, a person is guilty of receiving of stolen property if he "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a). The term "receiving" as used in this section means "acquiring possession, control or title, or lending on the security of the property." 18 Pa.C.S.A. § 3925(b).

Based on the evidence presented by the Commonwealth, we do not hesitate to find that the evidence was sufficient to support the elements of each of Batista's convictions. As recounted above, Officer DeWitt observed Batista on the porch to the residence at 605 West Princess Street and then again, several minutes later, walking down the street carrying a large flat screen television. Two responding officers woke the sleeping residents at 605 West Princess Street, who noticed that their flat screen television was

missing, along with an iPod Nano and a white DVD remote. These latter items were discovered in Batista's pockets. Additionally, Batista admitted to Officer DeWitt that he had retrieved the items from the house.

The residents of 605 West Princess Street, T-Harra Riviera and Abel Torrez, also testified at trial. Riviera testified that when she was awoken by police on April 5, 2013, she noticed that her 50-inch Sony flat screen television was missing. *See* N.T., Jury Trial, 10/11/13 at 74. Riviera testified that when she went to bed, the front door was closed and locked. *See id*. at 75. When the police arrived later that evening, Riviera observed that the basement window was broken and the front door was open and unlocked. *See id*. at 75-76. Torrez testified that he did not know Batista, and had never sold him the television or granted him permission to enter the premises and take the television. *See id*. at 79. Torrez identified the television in Batista's possession as the one missing from within the residence. *See id*. at 81-82.

After examining the issues contained in the *Anders* brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel is granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/2014