J-S57001-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS R. LARDANI, | : | |
| | : | |
| Appellant | : | No. 436 EDA 2012 |

Appeal from the Judgment of Sentence December 2, 2011,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0004080-2008

BEFORE: DONOHUE, MUNDY and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED OCTOBER 10, 2014**

Thomas R. Lardani ("Lardani") appeals from the December 2, 2011 judgment of sentence entered by the Philadelphia County Court of Common Pleas. Concomitantly, counsel for Lardani has filed an **Anders**[1] brief and a motion to withdraw. Upon review, we affirm and grant counsel's request to withdraw.

A jury convicted Lardani of criminal trespass and burglary, following which the trial court sentenced him on December 2, 2011 to 10 to 20 years of imprisonment. On December 28, 2011, Lardani filed a *pro se* request for permission to appeal *nunc pro tunc*, based upon his mistaken belief that he was beyond the 30-day time limit to appeal his judgment of sentence. The request was treated as a notice of appeal and the trial court appointed

---

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

counsel to represent him. On April 26, 2012, the trial court ordered counsel to file within 30 days a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel did so on May 25, 2012, and the trial court filed a responsive opinion pursuant to Pa.R.A.P. 1925(a) on June 6, 2012.

On August 16, 2012, this Court issued a *per curiam* Order remanding the case for the trial court to determine whether counsel abandoned Lardani based upon counsel's failure to file a brief on appeal. Counsel authored a letter to the trial court on September 24, 2012, explaining the delay and indicating that he had not abandoned Lardani. For reasons unknown, the trial court did not forward counsel's letter to this Court until February 20, 2014.

This Court issued a new briefing schedule on March 3, 2014. Thereafter, counsel for Lardani filed an untimely *Anders* brief and a motion to withdraw as counsel. After requesting and receiving an extension of time to file a reply, Lardani filed a *pro se* response to counsel's *Anders* brief, asserting that counsel's brief failed to comply with the mandates of *Anders v. California* and failed to include an issue of possible merit. The Commonwealth filed its appellee's brief late.

Before we address the merits of Lardani's appeal, we must discern whether counsel has complied with *Anders* and *Santiago*. *Anders* requires the following of counsel and this Court:

> To be permitted to withdraw pursuant to Anders, counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous.

*Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004) (citations omitted).

Counsel's brief must comply with the requirements our Supreme Court set forth in *Santiago*:

> [T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw [...] must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Lardani filed a *pro se* reply to counsel's *Anders* brief, asserting therein that counsel failed to include in his brief "(1) [a] summary of the procedural

history and facts, with citations to the record; (2) a reference to anything in the record that counsel believes arguably supports the appeal; and (3) fails to articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." *Pro Se* Response at 7. Our review of counsel's **Anders** brief reveals that he does include a factual and procedural summary with citations to the record (**Anders** brief at 8-10) and raises an issue that arguably supports the appeal (*id.* at 11). Lardani is correct that counsel does not include citation to cases and statutes supporting the issue identified, but our Supreme Court in **Santiago** determined that is not necessary in an **Anders** brief. In so concluding, the Court differentiated "between an **Anders** brief, which offers an issue for a court's consideration, but reflects counsel's candid assessment of the complete lack of merit in his client's case, and a merits brief, which implies that an issue is worthy of review and has some chance of succeeding." **Santiago**, 978 A.2d at 359-60. We therefore disagree with Lardani that counsel's **Anders** brief is deficient.

We now turn to the issue of arguable merit included by counsel in his **Anders** brief: "Whether the Commonwealth presented sufficient evidence to satisfy the burden of proof, beyond a reasonable doubt, that [Lardani] was the individual who unlawfully entered the home of the complainant and removed property for [*sic*] the home? **Anders** Brief at 11. Counsel concluded that the issue was frivolous as the complainant saw Lardani

leaving his home and pursued him on foot, saw Lardani's face, and was able to provide a description of Lardani's vehicle and his license plate number to police. *Id.* The police found that the license plate was assigned to a vehicle matching the description provided by the complainant and owned by Lardani. *Id.* at 12. The complainant then identified Lardani in a photo array as the person he observed fleeing from his home. *Id.* Pursuant to the standard by which the Superior Court must review sufficiency claims, viewing the evidence in the light most favorable to the Commonwealth, counsel concluded that the issue was wholly frivolous. *Id.*

Our review of the record comports with that of counsel. *See* N.T., 7/14/11, at 36-37, 39-40, 50-51; N.T., 7/15/11, at 20, 24-25. Although the record contains evidence that tends to show that Lardani may not have been the individual the complainant saw leaving his house, there was also evidence presented to combat or explain the perceived inconsistencies. For example, the record reflects that complainant originally told police that the perpetrator was 5'11" and had brown or black hair. N.T., 7/14/11, at 83. On the biographical information sheet provided to police, Lardani indicated that he is 5'4" and is bald. N.T., 7/15/11, at 55. The complainant explained his misjudgment of the perpetrator's height by stating he provided the best estimate that he could at the time, and that the perpetrator was moving the entire time the complainant saw him standing and was otherwise sitting in his vehicle. N.T., 7/14/11, at 82, 95-96. The police also testified that it was

not uncommon for people to misjudge heights, especially when they are the victim of the crime and are attempting to describe the perpetrator. N.T., 7/15/11, at 62. Furthermore, the record reflects that the description given by the complainant otherwise matched Lardani. *See id.* at 68.

The record also reflects that Lardani's son was found by police to be operating the vehicle in question on the day of the robbery. N.T., 7/15/11, at 8. The complainant was shown a picture of Lardani's son, however, and testified, without hesitation, that he was not the person who he saw fleeing his house that day. N.T., 7/14/11, at 58.

Furthermore, although the record reflects that Lardani had a doctor's note faxed to the police station, indicating that Lardani was at the doctor's office on the date of the robbery from 1:40 p.m. until 4:00 p.m., N.T., 7/15/11, at 49, the complainant observed the perpetrator leaving his house at 12:55 p.m. N.T., 7/14/11, at 34. According to police, it would take approximately 15 to 20 minutes to drive from the complainant's house to the doctor's office, giving Lardani ample time to be at both locations at the times claimed. *Id.* at 70-71.

As counsel observed, our standard of review requires us to review a the evidence in the light most favorable to the verdict winner to determine whether there is sufficient evidence to allow the jury to find every element of a crime beyond a reasonable doubt. *Commonwealth v. Cahill*, 95 A.3d 298, 300 (Pa. Super. 2014). We do not reweigh the evidence, nor must the

evidence presented preclude every possibility that the defendant is innocent. *Id.* "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* The jury is permitted to believe all, part, or none of the evidence presented. *Id.*

Viewing the evidence pursuant to the above-described standard, we agree that a claim that the Commonwealth failed to prove that Lardani was the person who entered the complainant's home and removed property would be frivolous.

In his *pro se* response to counsel's **Anders** brief, Lardani raises an additional issue that he states has arguable merit – that counsel should have raised a claim of ineffective assistance of trial counsel for failing to adopt or request a hearing on any of the 11 *pro se* motions Lardani filed alleging violations of his right to a speedy trial pursuant to Pennsylvania Rule of Criminal Procedure 600. *Pro Se* Response at 8. The law is clear, however, that except in very limited circumstances, claims of ineffective assistance of counsel are not reviewable on direct appeal. **Commonwealth v. Holmes**, 79 A.3d 562, 563-64 (Pa. 2013). According to the **Holmes** Court, claims of ineffective assistance of counsel may be entertained during post-verdict motions and on direct appeal, in the discretion of the trial judge, if (1) "a discrete claim (or claims) of trial counsel ineffectiveness is apparent from

the record and meritorious to the extent that immediate consideration best serves the interests of justice"; or (2) "there is good cause shown, and [] the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." *Id.* The claim raised of trial counsel's ineffectiveness is not clearly meritorious on the face of the record, and there is nothing in the record to suggest that Lardani waived his right to seek PCRA review. As neither of the *Holmes* exceptions are present in the case at bar, a claim raising trial counsel's ineffectiveness on direct appeal would be frivolous.

We have conducted an independent review of the record and have found no additional, non-frivolous issues that counsel could have raised on Lardani's behalf. As such, we affirm the judgment of sentence and grant counsel's motion to withdraw.

Judgment of sentence affirmed. Motion to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014