J-S50005-16

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GREGORY B. BARTUCCI | |
| Appellant | No. 1686 MDA 2015 |

Appeal from the Judgment of Sentence July 8, 2015
in the Court of Common Pleas of Lancaster County Criminal Division
at No(s): CP-36-CR-0001286-2014

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED JUNE 29, 2016**

Appellant, Gregory B. Bartucci, appeals from the judgment of sentence made final by the September 1, 2015 order, which vacated the sentence imposed on count 2, theft by deception, entered in the Lancaster County Court of Common Pleas. Appellant's appellate counsel, MaryJean Glick, Esquire, has filed a petition to withdraw representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981). We remand with instructions.

Following a jury trial, Appellant was found guilty of theft by unlawful taking,[1] theft by deception,[2] and forgery.[3] On July 8, 2015, Appellant was

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3921(a).

[2] 18 Pa.C.S. § 3922(a)(1).

sentenced to 27 months to 7 years' imprisonment for theft by unlawful taking, 27 months to 7 years' imprisonment for theft by deception and 12 months to 7 years' imprisonment for forgery. N.T., 7/8/15, at 16. The sentences were concurrent. *Id.* at 24. Appellant filed post-sentence motions. On September 1, 2015, the court granted Appellant's motion in part, finding that theft by deception merged with theft by unlawful taking. This timely appeal followed.

As a prefatory matter, we must examine whether counsel complied with the requirements of *Anders*/*McClendon* as clarified by the Pennsylvania Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, **controlling case law**, **and/or statutes on point that have led to the conclusion that the appeal is frivolous**.

*Id.* at 361 (emphasis added).

> If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in

---

[3] 18 Pa.C.S. § 4101(a)(2).

fact wholly frivolous."  In so doing, we review not only the issues identified by appointed counsel in the **Anders** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues."

**Commonwealth v. Hankerson**, 118 A.3d 415, 420 (Pa. Super. 2015) (citations omitted).

Counsel raised numerous issues on appeal.  In some of the issues, counsel did not articulate any controlling case law or statutes on point that led to the conclusion that the appeal is frivolous.  We remand for counsel to comply with **Santiago**.  Upon further review, if counsel finds a nonfrivolous issue, an advocate's brief may be filed.

We direct the Prothonotary to enter a new briefing schedule.

Case remanded with instructions.  Panel jurisdiction retained.