J-S65040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ALLEN CAMP, JR. | : | |
| | : | |
| Appellant | : | No. 1023 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 28, 2019
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000206-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ALLEN CAMP, JR. | : | |
| | : | |
| Appellant | : | No. 1024 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 28, 2019
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000207-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ALLEN CAMP, JR. | : | |
| | : | |
| Appellant | : | No. 1025 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 28, 2019
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000208-2018

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:                    **FILED APRIL 15, 2020**

Appellant, Jeffrey Allen Camp, Jr., appeals from the aggregate judgment of sentence of 21 to 54 years of confinement imposed on January 28, 2019, after he pleaded guilty on October 16, 2018, to six counts of rape by forcible compulsion[1] at three separate docket numbers.  After careful review, we find that Appellate Counsel's failure to follow this Court's prior order instructing him to file a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) constitutes ineffectiveness of counsel *per se*. Thus, we remand for additional proceedings consistent with this decision.

On February 7, 2019, Plea Counsel filed a motion to withdraw, arguing that the attorney-client relationship was irretrievably broken.  On March 26, 2019, the trial court deferred ruling on Plea Counsel's motion to withdraw.  On April 12, 2019, Appellant filed timely notices of appeal at each docket number. On April 18, 2019, the trial court ordered Appellant, "within twenty-one (21) days of the date [of] entry of this Scheduling Order, [to] file of record in the [trial] court a concise statement of the errors complained of on appeal"; the order warned that "[a]ny issue not properly included in the Statement timely filed and served pursuant to the provisions of this Order shall be deemed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(a)(1).

waived." Scheduling Order, 4/18/2019, at ¶¶ 1, 3. On April 29, 2019, Plea Counsel filed a document that she styled as a "Concise Statement of Matters Complained of on Appeal pursuant to Rule 1925(b)," which stated, in its entirety: "AND NOW, comes Trisha Hoover Jasper, Esquire, attorney for Jeffrey A. Camp and hereby respectfully notifies the Court of her intention to file a brief in this matter pursuant to **Anders/McClendon**."[2] On May 21, 2019, the trial court appointed new Appellate Counsel, who never requested to amend the Pa.R.A.P. 1925(b) statement.

On January 6, 2020, this Court issued a memorandum pursuant to Pa.R.A.P. 1925(c)(4) remanding this matter to allow Appellate Counsel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), reflecting the issues raised by Appellate Counsel in the advocate's brief filed in this Court. Appellate Counsel was ordered to comply within 21 days of the date that the certified record was returned to the trial court. The record was returned on January 8, 2020; Appellate Counsel thereby should have filed a Pa.R.A.P. 1925(b) statement by January 29, 2020, but, instead, filed the Pa.R.A.P. 1925(b) statement on February 14, 2020 – more than two weeks late.[3]

---

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), *abrogated by* **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[3] This Court's Prothonotary Office had to contact Appellate Counsel on February 5, 2020, to remind him to file the Pa.R.A.P. 1925(b) statement.

> [T]he untimely filing [of a Pa.R.A.P. 1925(b) statement] is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Thus, untimely filing of the 1925 concise statement is the equivalent of a complete failure to file. Both are *per se* ineffectiveness of counsel from which appellants are entitled to the same prompt relief.

***Commonwealth v. Andrews***, 213 A.3d 1004, 1010 (Pa. Super.) (citation omitted), *appeal denied*, 222 A.3d 376 (Pa. 2019). Accordingly, Appellate Counsel's untimely filing of a Pa.R.A.P. 1925(b) statement completely forfeited Appellant's right to appellate review of any claims and consequently constitutes ineffective assistance of counsel *per se*.

For the reasons set forth above, we remand this matter to the trial court to appoint new counsel for Appellant within 21 days of the date that the certified record is returned to the trial court. New counsel shall file a new Pa.R.A.P. 1925(b) statement. While we would normally issue a schedule for the filing of the new Pa.R.A.P. 1925(b) statement, as well as a supplemental trial court opinion and appellate briefs from the parties, we are reluctant to issue a specific timeline given the coronavirus disease 2019 (COVID-19) pandemic. Instead, we relinquish panel jurisdiction at this time so that the parties and the trial court may begin the appellate process anew, and we direct the court and the parties to comply with the standard timing requirements as much as possible.

Case remanded for additional proceedings consistent with this decision. Panel jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/15/2020