J. S72020/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON EDWARD EDDINGTON, | : | |
| | : | |
| APPELLANT | : | |
| | : | |
| | : | No. 210 MDA 2016 |

Appeal from the Judgment of Sentence October 20, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007170-2012
CP-67-CR-0007172-2012
CP-67-CR-0007173-2012
CP-67-CR-0008156-2012

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED JANUARY 18, 2017**

Jason Edward Eddington ("Appellant") appeals from the Judgment of

Sentence entered by the York County Court of Common Pleas after a jury

convicted him of four counts of theft by deception.[1]  Appellant's counsel,

Christopher D. Moore, Esq., has filed an ***Anders-McClendon***[2] brief and a

Petition to Withdraw as Counsel.  In addition, Appellant has filed a "Motion

for Withdrawal of Counsel *Inter Alia* Ineffective Assistance of Counsel."

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant represented himself at trial.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

Because the **Anders** brief is deficient, we deny counsel's Petition to Withdraw, and direct counsel to file a brief that complies with the requirements set forth in **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). Further, we deny Appellant's "Motion for Withdrawal of Counsel *Inter Alia* Ineffective Assistance of Counsel."

We need not recite the underlying facts at this time. Relevant to this disposition, on February 2, 2016, Appellant's counsel, Christopher Moore, Esq., filed a notice of appeal after Appellant's appeal rights were reinstated *nunc pro tunc*.[3] On March 16, 2016, after the grant of an extension, counsel filed a Pa.R.A.P. 1925(b) Statement. On March 30, 2016, the trial court filed a Pa.R.A.P. 1925(a) Opinion.

In July 2016, Attorney Moore filed a Motion to Withdraw as Counsel and what purports to be an **Anders-McClendon** Brief. Appellant filed a response, referencing a letter he had allegedly sent to the trial court and to Attorney Moore that raised "numerous relevant issues for direct appeal."

---

[3] After the jury returned its verdict, Appellant requested counsel for purposes of post-verdict and appeal. When that counsel refused to raise issues Appellant had deemed meritorious, Appellant filed a *pro se* petition in this Court alleging ineffective assistance of appellate counsel. We remanded with instructions, and the trial court held a **Grazier** hearing in which Appellant stated he did not want to proceed *pro se* and would continue with his appellate counsel. Appellate counsel failed to file a brief, however, and this Court dismissed the appeal. After Appellant filed a *pro se* request for the reinstatement of his direct appeal rights *nunc pro tunc*, the trial court granted the request and appointed current counsel, Christopher Moore, Esq.

*See* Appellant's Response to *Anders*-*McClendon* Brief, filed 7/27/16. Appellant did not annex a copy of that letter to his Response.

On September 29, 2016, Appellant filed *pro se* with this Court a document entitled "Motion for Withdrawal of Counsel *Inter Alia* Ineffective Assistance of Counsel," requesting that he be allowed to proceed *pro se* and to file an Amended Pa.R.A.P. 1925(b) Statement and an "Extensive All-inclusive Detailed Appellate Brief, *Pro-se*." Motion for Withdrawal of Counsel *Inter Alia* Ineffective Assistance of Counsel, filed 9/29/16. In his Motion, Appellant avers that Attorney Moore failed to raise numerous issues he wanted reviewed on appeal but, again, does not inform this Court of what those issues are.[4]

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to

---

[4] The issues raised in Appellant's Rule 1925(b) statement, and in counsel's *Anders* brief, are as follows: "WHETHER THE COURT ABUSED ITS DISCRETION IN THE FOLLOWING ISSUES: (a) Judge failing to recuse self as a juror was a neighbor of the judge 20 years ago; (b) Failure to allow handwriting expert to testify as witness; (c) Judge referring to defendant as noise machine in front of the jury; (d) Judge failing to allow defendant to submit his legal documents as handwriting samples to the jury; (e) Judge failure to allow defendant to call correctional officer regarding defendant's handwriting; (f) Judge failing to instruct jury on contract law; (g) Judge ordering restitution to witness who testified she was not owed any money; (h) Ruling on Rule 600 issue; (i) Brady violation regarding bank video; (j) Failure to allow subpoena of Officer Davenport; (k) Unlawful seizure by police of signature of Frank Williams [*sic*]; (l) Failure to allow defendant to explain theory of the case in closing argument." Pa.R.A.P. 1925(b) Concise Statement; *Anders*-*McClendon* Brief at 4-5 (verbatim with altered punctuation).

withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to ***Anders***, our Supreme Court has determined that counsel must meet certain requirements, including:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Once "counsel has met these obligations, it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1248 (Pa. Super. 2015) (citation and internal quotation marks omitted). Further "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Id.*** at 1250 (footnote and citation omitted).

In the instant case, Attorney Moore has submitted a brief that utterly fails to comply with the requirements set forth in ***Santiago***. The brief

contains no substantive summary of the procedural history and facts of the case. Aside from occasionally providing a citation to the Notes of Testimony, the **Anders** brief fails to refer to anything in the record that arguably supports the appeal. Most significantly, nowhere in the **Anders** brief does counsel state that the appeal is wholly frivolous.[5] Moreover, counsel has made virtually no effort to "articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Santiago**, **supra**.

Because the **Anders** brief is deficient, we are unable to review the merits of the issues raised. Accordingly, we deny counsel's motion to withdraw and direct Attorney Moore to file, within thirty days, a proper and complete brief pursuant to the mandates of **Anders** and **Santiago**, *i.e.*, with a meaningful summary of the facts and procedural history relevant to the issues raised, as well as citation to the record and relevant statutory and case law. Appellant may respond within thirty days of counsel's new filing.[6]

---

[5] Counsel states in his Petition to Withdraw that the appeal is frivolous.

[6] We will not deliberate at this time on Appellant's request that he be allowed to proceed *pro se,* as the request appears to stem more from a frustration with his attorney's inaction than from a genuine desire to proceed without proper counsel. In addition, claims of ineffective assistance of counsel will be addressed only on post-conviction collateral review pursuant to the general rule in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002). **See also Commonwealth. v. Holmes**, 79 A.3d 562, 567 (Pa. 2013); 42 Pa.C.S. § 9543.

Petition to Withdraw as Counsel denied. Appellant's "Motion for Withdrawal of Counsel *Inter Alia* Ineffective Assistance of Counsel" denied. Panel jurisdiction retained.