J-S91033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEREMY DEVON DICKENS | : | |
| | : | |
| Appellant | : | No. 568 MDA 2016 |

Appeal from the Judgment of Sentence March 29, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001465-2015

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 14, 2017**

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Centre County after Appellant Jeremy Devon Dickens pled guilty to two counts of the possession of a controlled substance/ contraband by an inmate.[1] Appellant raises challenges to the arraignment process and the lower court's denial of his suppression motion. We affirm.

On April 2, 2015, Appellant, an inmate residing at the State Correctional Institute (SCI) at Benner Township, was found in possession of nineteen individual baggies containing six grams of marijuana as well as four bags of heroin weighing about 4.06 grams each. Corrections officers removed the contraband from Appellant's cell and placed him in restrictive

---

[1] 18 Pa.C.S. § 5123(a)(2).

* Former Justice specially assigned to the Superior Court.

housing.  Pennsylvania State Trooper Jeffrey Ebeck responded to the prison and initiated an investigation of this matter.  After Trooper Ebeck gave Appellant his *Miranda* rights, Appellant made statements incriminating himself in a drug distribution ring in the prison.

On June 9, 2015, Appellant was charged with the aforementioned offenses. Appellant filed three pre-trial motions, seeking the suppression of statements he made to Trooper Ebeck and physical evidence confiscated from his prison cell.  The trial court held two suppression hearings and on February 23, 2016, the trial court entered an order denying two of Appellant's three suppression motions.

On March 29, 2016, in a hearing conducted by the Honorable David E. Grine, Appellant entered a negotiated guilty plea to two counts of possession of a controlled substance/contraband by an inmate.  In his written colloquy, Appellant repeatedly acknowledged that he understood that, by pleading guilty, he was waiving the majority of the issues he could challenge on appeal.  Appellant's written guilty plea colloquy reads in pertinent part:

> [Question 26:] Under the law, you have the right to file certain pre-trial motions that might improve your chances of being found not guilty.  These include the right to file a motion to suppress evidence to try to convince the judge that some of the evidence against you should not be used at trial.  By pleading guilty you may give up some of our pre-trial rights.  Do you understand this?
>
> [Appellant's written response]: yes

[Question 27:] If you have already had a hearing on pre-trial motions, by pleading guilty you give up your right to appeal the decisions on those motions. Do you understand this?

[Appellant's written response]: yes

\*\*\*

[Question 31:] By pleading guilty instead of having a trial, you give up almost all of your rights to appeal. Do you understand this?

[Appellant's written response]: yes

[Question 32:] After you plead guilty, you can appeal to a higher court for only four reasons:

i.    that you were in the wrong Court – the Court that sentenced you did not have jurisdiction over your case;
ii.   that the judge imposed an illegal or improper sentence on you;
iii.  that the attorney who represented you was incompetent or ineffective and
iv.   that you did not know what you were doing when you plead guilty, that someone forced you to plead guilty, or that your guilty plea was not entered knowingly, intelligently, and voluntarily.

Do you understand that when you plead guilty you can only appeal to a higher Court for one or more of the four reasons listed above?

[Appellant's written response]: yes

Guilty Plea Colloquy, 3/29/16, at 3-4. After giving Appellant a brief oral colloquy, the trial court accepted Appellant's guilty plea.

The trial court then sentenced Appellant to two concurrent terms of one to two years' incarceration to run consecutively with the sentence Appellant was currently serving. Once the trial court imposed Appellant's

- 3 -

sentence, defense counsel petitioned the court to make its suppression order final, indicating that Appellant wished to appeal it. The following exchange took place between defense counsel and Judge Grine:

> [Defense counsel:] Your Honor, the other thing that my client wanted to ask you, could you make the suppression motion an order of the Court so that he could appeal it? That's up to you.
>
> [The Court:] Fine. I'll do it. Suppression's denied, but I'll do an opinion.
>
> [Prosecutor:] I'm not even sure that's of issue since he accepted a plea.
>
> [Defense counsel:] He asked me.
>
> [The Court:] That's fine. It's almost finished anyway, I'll finish it.
>
> [Defense counsel:] All right. Thank you, Judge. That's all we ask for.

N.T. Sentencing, 3/29/16, at 11. That same day that Appellant entered his guilty plea and was sentenced, Judge Grine filed an order and opinion denying Appellant's omnibus-pretrial motion. Appellant did not file a post-sentence motion. On April 7, 2016, Appellant filed a notice of appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2]

---

[2] Although defense counsel filed a 1925(b) statement raising four issues on appeal, defense counsel also filed a "Statement of Intent to File an ***Anders*/*McClendon* brief**" with respect to two issues he found frivolous. However,

*(Footnote Continued Next Page)*

On appeal, Appellant raises two procedural challenges to the arraignment process and argues that the lower court erred in denying his suppression motion. However, it is well-established that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." ***Commonwealth v. Eisenberg***, 626 Pa. 512, 525, 98 A.3d 1268, 1275 (2014). As a result of Appellant's guilty plea, we agree with the Commonwealth that Appellant's claims on appeal pertaining to his arraignment and the denial of his suppression motion are waived.

While Appellant acknowledges this precedent and concedes that all the arguments he raises on appeal are technically waived by the entry of his guilty plea, Appellant claims that this Court should overlook this waiver as Appellant had an honest expectation that he would be able to appeal the lower court's denial of his suppression motion. Appellant points out that after he pled guilty and was sentenced, Judge Grine agreed to make his

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

counsel would file an ***Anders*** brief where after a conscientious review of the case, counsel finds his case to be *wholly* frivolous and requests the court's permission to withdraw. ***Commonwealth v. Santiago***, 602 Pa. 159, 167–68, 978 A.2d 349, 354 (2009) (citing ***Anders v. California***, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400 (1967)). However, if the court finds there are non-frivolous issues, the court will deny the petition and remand for the filing of an advocate's brief. ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel did not seek to withdraw or file an ***Anders*** brief, but filed an advocate's brief.

denial of Appellant's suppression motion final so that Appellant could challenge it on appeal. Moreover, Appellant notes that the trial court discussed all of Appellant's claims without finding waiver or noting any objection to the irregularity of this appeal.

However, even if we were to overlook Appellant's waiver of his suppression issue, Appellant's argument clearly fails on the merits.

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Jones*, 121 A.3d 524, 526–27 (Pa.Super. 2015) (citation omitted).

Appellant claims that his confession to Trooper Ebeck was involuntary as he was coerced into making the incriminatory statement by the trooper's remarks and the presence of several correctional officers in the room. We review a defendant's claim that his confession was involuntary based on the totality of the circumstances. *Commonwealth v. Mitchell*, 629 Pa. 572,

591, 105 A.3d 1257, 1268 (2014). When a defendant alleges that his … confession was involuntary, the question is not whether the defendant would have confessed without interrogation, but whether the interrogation was so manipulative or coercive that it deprived the defendant of his ability to make a free and unconstrained decision to confess. *Commonwealth v. Mitchell*, 629 Pa. 572, 591, 105 A.3d 1257, 1268 (2014) (quoting *Commonwealth v. Sepulveda*, 618 Pa. 262, 310, 55 A.3d 1108, 1137 (2012)).

In this case, when Trooper Ebeck arrived to the prison to question Appellant regarding the drugs found in his cell, Trooper Ebeck immediately gave Appellant his *Miranda* rights. Trooper Ebeck informed Appellant that he did not have to provide any information and was entitled to a lawyer. Appellant, however, knowingly waived his *Miranda* rights and indicated that he wanted to make a statement in the hopes of receiving leniency for the crimes. Appellant then confessed to his role in a drug distribution ring in the prison. The interview lasted at most twenty minutes.

Nonetheless, Appellant specifically argues that Trooper Ebeck coerced him into confessing by stating that Appellant could not refuse to speak with him or leave the room. We find that Appellant is mischaracterizing Trooper Ebeck's statement informing Appellant that he was obligated to give him *Miranda* rights as Appellant's status as an inmate restricted his ability to be free to physically leave the interview room. Moreover, we reject Appellant's claim that the mere presence of the corrections officers in the interview room coerced his confession as this conclusion would render all confessions

made by inmates to be involuntary. We cannot find that Appellant has presented evidence that he was subject to "interrogation … so manipulative or coercive that it deprived [Appellant] of his ability to make a free and unconstrained decision to confess." **See Mitchell**, **supra**.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/14/2017