J-S61032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF: L.L.D., A MINOR :    IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
APPEAL OF: J.B., FATHER : 
:       No. 1756 EDA 2017

Appeal from the Decree May 10, 2017,
in the Court of Common Pleas of Philadelphia County
Family Court at Nos.: CP-51-AP-0000142-2016
CP-51-DP-0000378-2015

BEFORE: LAZARUS, RANSOM, AND PLATT*, JJ.

MEMORANDUM BY PLATT, J.:         **FILED NOVEMBER 03, 2017**

J.B. (Father) appeals from the decree of the Court of Common Pleas of Philadelphia (trial court), entered on May 10, 2017, that involuntarily terminated his parental rights to his son, L.L.D. (Child) (born 2/15), and changed Child's goal to adoption.[1] Father's attorney has filed a motion to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). We affirm the trial court's decree, and grant counsel's motion.

On February 11, 2015, Philadelphia's Department of Human Services (DHS) received a general protective services report (GPS) alleging that Child tested positive for marijuana at birth. On February 17, 2015, when Child was to be discharged from the hospital, and after DHS had determined that Mother

_____

* Retired Senior Judge assigned to Superior Court.

[1] The trial court also terminated the parental rights of Child's mother, L.A.W.-D. (Mother). Mother did not appeal that termination.

was unable to care for Child, DHS obtained an order of protective custody (OPC) and placed Child in foster care.

DHS filed its petition to terminate Father's parental rights on February 16, 2016. The trial court held a hearing on DHS' petition on May 10, 2017. Testifying at that hearing were Wordsworth Community Umbrella Agency (CUA) case managers Stefanie Lofton and Lisa Santiful.

Bridget Warner, counsel for DHS, began the hearing by presenting the results of genetic testing that demonstrated that J.B. is Child's biological father. (*See* N.T. Hearing, 5/10/17, at 4-5).

CUA case manager, Stefanie Lofton, testified she was Child's case manager from February of 2015 to July of 2016. She noted that Child came directly into DHS' care from the hospital at birth because he had marijuana in his system. (*See id.* at 6). Ms. Lofton testified she made several attempts to contact Father by mailing letters to two addresses that she was given by Father's niece, but that he never contacted her. She finally met Father in March 2016 when he appeared in court and requested a paternity test. Father's objective at the time was to establish a relationship with Child through weekly visitations every Thursday for two hours. Father attended only two visits during the period she was supervising, May 14, 2016, and June 18, 2016. (*See id.* at 7-9). According to Ms. Lofton, Child did not bond with Father during those visits. Child did not want Father to pick him up and would cry when Father even came close to him.

Ms. Lofton visited Father in his one-bedroom apartment and told him that he would have to obtain a two-bedroom to accommodate Child. At that time, Father provided documentation of his employment. (***See id.*** at 10).

Ms. Lofton testified Child has bonded with his pre-adoptive foster parents. Child calls his foster mother "Mom," and is very attached to her. Child is also attached to his foster siblings. Ms. Lofton opined that it was in Child's best interests that Father's parental rights be terminated because Father was not responsive to bonding with Child. Father made excuses why he could not visit and, even though he had Child's foster parents' phone number, Father would not call them or respond to calls. Father never asked about Child's medical appointments or about how he was developing. (***See id.*** at 10-12). Ms. Lofton recalled that Father had also visited with Child two times in 2017, once in March and once in April, but that he had missed twenty-five visits altogether. (***See id.*** at 12-13).

Lisa Santiful, Child's current CUA case manager, testified she last saw Child on May 5, 2017 and that he was safe and all his needs were being met. She testified that Child is bonded with his foster mother and has good interaction with his foster siblings. Ms. Santiful testified that she calls Father but gets no response. She opined it would be in Child's best interests if Father's parental rights were terminated because he has no bond with Father. (***See id.*** at 16-18).

The trial court entered its decree terminating Father's parental rights pursuant to 23 Pa.C.S.A. §§ 2511(a)(1), (2), and (b) on May 10, 2017.[2] Father filed his notice of appeal and concise statement of errors complained of on appeal on June 1, 2017. *See* Pa.R.A.P. 1925(a)(2)(i). The trial court entered an opinion on June 27, 2017. *See* Pa.R.A.P. 1925(a)(2)(ii).

On July 19, 2017, Father's attorney filed an application to withdraw as counsel and an *Anders* brief in which he raised the following questions:

> 1.   Whether there is anything in the record that might arguably support the appeal that obviates a conclusion that the appeal is frivolous?
>
> 2.   Whether the trial court erred by terminating the parental rights of [Father] under 23 Pa.C.S.A. §[]2511(a)(1)?
>
> 3.   Whether the trial court erred by terminating the parental rights of [Father] under 23 Pa.C.S.A. §[]2511(a)(2)?
>
> 4.   Whether the trial court erred by terminating the parental rights of [Father] under 23 Pa.C.S.A. §[]2511(a)(5)?
>
> 5.   Whether the trial court erred by terminating the parental rights of [Father] under 23 Pa.C.S.A. §[]2511(a)(8)?
>
> 6.   Whether the trial court erred by terminating the parental rights of [Father] under 23 Pa.C.S.A. §[]2511(b)?

(*Anders* Brief, at 5) (unnecessary capitalization omitted).

---

[2] The decree entered May 10, 2017, lists subsections (a)(1), (2), (5), and (8) as the bases for termination. (*See* Order, 5/10/17). In its opinion issued on June 27, 2017, however, the trial court states: "Father's parental rights were terminated based only on 23 Pa.C.S.A. §[]2511(a)(1), and (2). Father never provided care for the Child and the Child was not removed from his care, therefore, [sections (a)(5) and (8)] are not applicable." (Trial Court Opinion, 6/27/17, at 16).

- 4 -

Our standard of review is as follows:

> In an appeal from an order terminating parental rights, our scope of review is comprehensive: we consider all the evidence presented as well as the trial court's factual findings and legal conclusions. However, our standard of review is narrow: we will reverse the trial court's order only if we conclude that the trial court abused its discretion, made an error of law, or lacked competent evidence to support its findings. The trial judge's decision is entitled to the same deference as a jury verdict.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted).

Further, we have stated:

> Where the hearing court's findings are supported by competent evidence of record, we must affirm the hearing court even though the record could support an opposite result.
>
> We are bound by the findings of the trial court which have adequate support in the record so long as the findings do not evidence capricious disregard for competent and credible evidence. The trial court is free to believe all, part, or none of the evidence presented, and is likewise free to make all credibility determinations and resolve conflicts in the evidence. Though we are not bound by the trial court's inferences and deductions, we may reject its conclusions only if they involve errors of law or are clearly unreasonable in light of the trial court's sustainable findings.

*In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004) (citations omitted).

We note our standard of review of a change of goal:

> When we review a trial court's order to change the placement goal for a dependent child to adoption, our standard is abuse of discretion. In order to conclude that the trial court abused its discretion, we must determine that the court's judgment was manifestly unreasonable, that the court did not apply the law, or that the court's action was a result of partiality, prejudice, bias or ill will, as shown by the record.

*In the Interest of S.G.*, 922 A.2d 943, 946 (Pa. Super. 2007).[3]

Here, as noted, the trial court terminated Father's parental rights pursuant to 23 Pa.C.S.A. §§ 2511(a)(1), (2) and (b).  In order to affirm the termination of parental rights, this Court need only agree with any one subsection of Section 2511(a).  *See In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*), *appeal denied*, 863 A.2d 1141 (Pa. 2004).  Requests to have a natural parent's parental rights terminated are governed by 23 Pa.C.S.A. § 2511, which provides, in pertinent part:

> **§ 2511. Grounds for involuntary termination**
>
> **(a) General rule.—**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> > (1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.
>
> *    *    *
>
> **(b) Other considerations.—**The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child.  The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent.  With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein

---

[3] Father has waived any challenge to the change of permanency goal to adoption by his failure to raise the issue in his concise statement and in the statement of questions involved portion of his brief.  *See Krebs v. United Refining Company of Pennsylvania*, 893 A.2d 776, 797 (Pa. Super. 2006).

> which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511(a)(1), (b).

It is well-settled that a party seeking termination of a parent's rights bears the burden of proving the grounds to so do by "clear and convincing evidence," a standard which requires evidence that is "so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." **In re T.F.**, 847 A.2d 738, 742 (Pa. Super. 2004) (citations omitted). Further,

> A parent must utilize all available resources to preserve the parental relationship, and must exercise reasonable firmness in resisting obstacles placed in the path of maintaining the parent-child relationship. Parental rights are not preserved by waiting for a more suitable or convenient time to perform one's parental responsibilities while others provide the child with his or her physical and emotional needs.

**In the Interest of K.Z.S.**, 946 A.2d 753, 759 (Pa. Super. 2008) (citation omitted).

To terminate parental rights pursuant to section 2511(a)(1), the person or agency seeking termination must demonstrate through clear and convincing evidence that, for a period of at least six months prior to the filing of the petition, the parent's conduct demonstrates a settled purpose to relinquish parental rights or that the parent has refused or failed to perform parental duties. **See In re Adoption of M.E.P.**, 825 A.2d 1266, 1272 (Pa. Super. 2003).

With respect to subsection 2511(a)(1), our Supreme Court has held:

> Once the evidence establishes a failure to perform parental duties or a settled purpose of relinquishing parental rights, the court must engage in three lines of inquiry: (1) the parent's explanation for his or her conduct; (2) the post-abandonment contact between parent and child; and (3) consideration of the effect of termination of parental rights on the child pursuant to Section 2511(b).

*Matter of Adoption of Charles E.D.M., II*, 708 A.2d 88, 92 (Pa. 1998)

(citation omitted). Further,

> the trial court must consider the whole history of a given case and not mechanically apply the six-month statutory provision. The court must examine the individual circumstances of each case and consider all explanations offered by the parent facing termination of his or her parental rights, to determine if the evidence, in light of the totality of the circumstances, clearly warrants the involuntary termination.

*In re B.,N.M.*, 856 A.2d 847, 854-55 (Pa. Super. 2004), *appeal denied*, 872 A.2d 1200 (Pa. 2005) (citations omitted).

The Adoption Act provides that a trial court "shall give primary consideration to the developmental, physical and emotional needs and welfare of the child." 23 Pa.C.S.A. § 2511(b). The Act does not make specific reference to an evaluation of the bond between parent and child but our case law requires the evaluation of any such bond. *See In re E.M.*, 620 A.2d 481, 485 (Pa. 1993). However, this Court has held that the trial court is not required by statute or precedent to order a formal bonding evaluation performed by an expert. *See In re K.K.R.-S*., 958 A.2d 529, 533 (Pa. Super. 2008).

Before we begin our analysis, we must dispose of the motion to withdraw filed by Father's counsel, Attorney Andre Martino.

Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw representation, he or she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record . . ., counsel has determined the appeal would be frivolous;
>
> (2) file a brief referring to anything that might arguably support the appeal . . .; and
>
> (3) furnish a copy of the brief to [the parent] and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of the court's attention.

*In re S.M.B.*, 856 A.2d 1235, 1237 (Pa. Super. 2004) (citation and emphasis omitted).

In *In re V.E.*, 611 A.2d 1267, 1274-75 (Pa. Super. 1992), this Court extended the *Anders* principles to appeals involving the termination of parental rights. "When considering an *Anders* brief, this Court may not review the merits of the underlying issues until we address counsel's request to withdraw." *In re S.M.B.*, *supra* at 1237.

In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that it:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361. "After an appellate court receives an *Anders* brief and is satisfied that counsel has complied with the aforementioned requirements, the Court then must undertake an independent examination of the record to determine whether the appeal is wholly frivolous." *In re S.M.B.*, *supra* at 1237 (citation omitted).

With respect to the third requirement of *Anders*, that counsel inform the parent of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

Instantly, Father's attorney, in his motion to withdraw as counsel, has stated that he has made a conscientious review of the record, concluded that his client's appeal is wholly frivolous, and stated the reasons for his conclusion. In addition, he timely mailed his client: (1) a copy of his petition to withdraw; (2) a copy of his *Anders* brief; and (3) a letter advising his client of his rights to proceed *pro se* or to retain private counsel, and to raise any additional issues that they deem worthy of consideration. Counsel has filed the required *Anders* brief in this Court setting forth the issues he believes might arguably

support his client's appeal. Thus, counsel for Father has satisfied the procedural requirements of **Anders** and we will conduct an independent review to determine if the appeal is wholly frivolous.

On appeal, Father challenges the trial court's determination that DHS established the grounds for termination. Upon review, we conclude that the trial court did not abuse its discretion when it terminated Father's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(1). The testimony of Ms. Lofton and Ms. Santiful demonstrate that Father has spent approximately eight hours in Child's presence since Child was born, and that Father has made no effort to be a parent to Child beyond attending four out of some twenty-five scheduled visits with Child. Father has not shown any interest in Child's health, education, or development. He has not contacted Child's foster parents and has not responded to calls from Child's case managers. Father has clearly refused or failed to perform his parental duties and the trial court did not err or abuse its discretion when it terminated his parental rights.

The termination of Father's parental rights is in Child's best interests. Child's caseworkers testified that Child is bonded with his stepparents and stepsiblings and that all of his needs are being met within that pre-adoptive family. Their testimony makes it clear that there is not only no bond between Father and Child, but that Child is actually upset to be in Father's presence. The trial court did not err or abuse its discretion when it terminated Father's parental rights pursuant to 23 Pa.C.S.A. § 2511(b).

Finally, our review of the record reveals that the trial court did not abuse its discretion in changing Child's goal to adoption because adoption is clearly in his best interests.[4] **See S.G.**, **supra** at 946. Therefore, based on our own independent review of the record, we conclude that this appeal is "wholly frivolous." **In re S.M.B.**, **supra** at 1237.

Accordingly, we affirm the decree of the Court of Common Pleas of Philadelphia County, entered May 10, 2017, that terminated Father's parental rights and changed Child's goal to adoption.

Decree affirmed. Motion to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/3/2017

---

[4] Although Father waived any argument as to the goal change, we will review the sufficiency of the evidence to support the order as part of our independent review of counsel's motion to withdraw. **See In re S.M.B.**, **supra** at 1237.

- 12 -