J-S42010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.M.L., A MINOR | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.L.L., MOTHER | : : : : : : : : | |
| | : | No. 459 MDA 2018 |

Appeal from the Decree Entered February 12, 2018
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  2690 2017

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 06, 2018**

J.L.L. ("Mother") appeals from the orphans' court decree entered on February 12, 2018, that involuntarily terminated her parental rights to her son, D.M.L.[1]  Mother's court-appointed counsel has filed a petition to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  As counsel did not comply with the requirements of **Anders**, we deny the petition to withdraw and remand for further proceedings.

When D.M.L. was born in May of 2017, Lancaster County Children and Youth Social Service ("CYS") had already been involved with the family for two years due to, *inter alia*, Mother's drug abuse in relation to D.M.L.'s older brother, S.L., Jr.  During August 2016, the orphans' court terminated the parental rights of Mother and Father to the older child.  Subsequently, in

_____

[1] On the same date, D.M.L.'s father, S.L. ("Father"), relinquished his parental rights voluntarily.

_____

*   Retired Senior Judge assigned to the Superior Court.

January of 2017, CYS received a report that Mother was pregnant with D.M.L. During that pregnancy, Mother tested positive for cocaine, and she and D.M.L. both tested positive for cocaine following D.M.L.'s birth seven weeks prematurely.

On June 12, 2017, the juvenile court adjudicated D.M.L. dependent and found aggravated circumstances as to both Mother and Father as a result of the prior involuntary termination of their parental rights to S.L., Jr. Consequently, CYS was relieved of its obligation to employ reasonable efforts toward reunification. CYS placed D.M.L. in a pre-adoptive foster home, where he remains.

On December 7, 2017, CYS filed a petition to involuntarily terminate Mother's parental rights to D.M.L. The court appointed Albert J. Meier, Esquire, to represent Mother. Nine-month-old D.M.L. continued to be represented by the guardian *ad litem* appointed during the juvenile court proceedings. On January 24, 2018, the orphans' court entered an order incorporating the juvenile court record into the termination of parental rights proceedings. In addition, the orphans' court judge, who did not preside over the dependency proceedings, "ordered transcripts for all [j]uvenile [c]ourt proceedings and independently reviewed the [j]uvenile court record[.]" Trial Court Opinion, 4/13/18, at 2 n.1. Following hearings on January 22 and February 12, 2018, the orphans' court involuntarily terminated Mother's parental rights to D.M.L. pursuant to 23 Pa.C.S § 2511(a)(1), (2) and (b).

Mother filed a timely notice of appeal as well as a concise statement of errors complained of on appeal.

As noted *supra*, Attorney Meier filed a petition to withdraw as counsel and an **Anders** brief. In **In re V.E.**, 611 A.2d 1267 (Pa.Super. 1992), this Court extended the **Anders** principles to appeals involving the termination of parental rights. In order to be permitted to withdraw from representation under **Anders**, counsel must meet three procedural requirements: 1) a petition for leave to withdraw must be filed which states that, after making a conscientious examination of the record, counsel has determined that the appeal is frivolous; 2) he furnish a copy of the **Anders** brief to the appellant; and 3) he advise the appellant that he or she has the right to retain private counsel or raise, *pro se*, additional arguments that the appellant deems worthy of the court's attention. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted).

In addition to complying with the foregoing procedural conditions, an attorney seeking to withdraw from representation must file an **Anders** brief that satisfies the following substantive requirements: 1) provide a summary of the procedural history and facts, with citations to the record; 2) refer to anything in the record that counsel believes arguably supports the appeal; 3) set forth counsel's conclusion that the appeal is frivolous; and 4) state counsel's reasons for concluding that the appeal is frivolous. **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Presently, Attorney Meier failed to satisfy ***Anders*** insofar as it is unclear whether he reviewed the entire record. As previously indicated, the orphans' court explicitly incorporated the juvenile court record into the termination proceedings, and it cited to the juvenile court transcripts throughout its Rule 1925(a) opinion. ***See*** Trial Court Opinion, 4/13/18, at 2-4, 8, 11, 13. However, in contrast to the broad scope of the orphans' court's assessment, there is no indication that counsel reviewed the juvenile court record prior to petitioning to withdraw. Indeed, although formally incorporated into the orphans' court proceeding, the juvenile court record is not included in the certified record that was transmitted to this Court on appeal, and all of counsel's citations to the record in his ***Anders*** brief are limited to the notes of testimony of the February 12, 2018 hearing. Counsel's review of the incomplete record on appeal does not sustain his assertion that he performed the comprehensive examination that ***Anders*** requires.

Furthermore, as the appellant in this case, Mother was obligated to ensure that the certified record was complete in order for this Court to perform its appellate review. Under the prevailing interpretation of the ***Anders*** procedure, prior to granting a petition to withdraw, we are obligated to conduct an independent review of the **entire** record for non-frivolous issues that counsel may have over looked. ***See Commonwealth v. Yorgey***, ___ A.3d___, 2018 PA Super 136 at *5 (*en banc*) (***Anders*** requires reviewing court examine record to ascertain if there are non-frivolous issues that counsel

"missed or misstated"). Obviously, the present condition of the certified record impedes our examination.

Accordingly, we deny Attorney Meier's petition to withdraw and hereby direct that, within seven days of the date of this memorandum, Attorney Meier shall file a motion in the orphans' court to supplement the record with the portions of the juvenile court record that the orphans' court expressly incorporated into the termination proceedings by means of its January 24, 2018 order. Upon counsel's compliance with this directive, the Clerk of Court of Lancaster County shall certify and transmit the incorporated juvenile court record to the Superior Court Prothonotary as a supplemental record. Thereafter, Attorney Meier will have fourteen days to file with this Court either an **Anders** brief that reflects his review of the entire record or an advocate's brief. Within seven days of the date that Attorney Meier files the revised brief with this Court, CYS and the guardian *ad litem* may file their respective responses.

Attorney Meier's petition to withdraw from representation is denied without prejudice. Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.