J-S79033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACKIE S. KAUFFMAN | : | |
| | : | |
| Appellant | : | No. 1170 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 11, 2018
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000653-2016

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 12, 2019**

As I believe that the **Anders**[1] brief filed on behalf of Appellant meets, although barely, the requirements established by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), I would not remand this case but would decide it on the merits.

As the learned Majority notes, **Santiago** requires that the **Anders** brief state, *inter alia*, counsel's reasons for concluding that the appeal is frivolous. Majority Memorandum at 3. The Majority further notes that Appellant wishes to raise challenges to the sufficiency of the evidence of the charge of endangering the welfare of children ("EWOC") and the excessiveness of the sentence. **Id.** at 4. However, the Majority concludes that the **Anders** brief fails to contain a statement from counsel as to why he believes that these

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

challenges are frivolous, nor does he refer to anything in the record that he believes arguably supports the appeal. *Id.* Although I agree that the *Anders* brief filed by counsel is far from scholarly, I believe that it meets the basic requirement of setting forth the basis for concluding that the issues are frivolous. Thus, I must respectfully dissent.

As for the sufficiency argument, counsel for Appellant asserts:

Appellant engaged in a romantic relationship with Adam Stidfole, a known and designated Tier III Megan's [L]aw offender. Adam Stidfole had previously been convicted of sexual abuse of children and possession of child pornography.

Appellant engaged in the relationship with Adam Stidfole and moved in to [*sic*] his residence bringing her nine[-]year[-]old daughter in contact with Adam Stidfole. Appellant failed to warn her daughter of Adam Stidfole's status nor did Appellant take any precautions to protect her daughter.

Rather Appellant refused to accept the fact that Adam Stidfole was a convicted sex offender. When the facts of Mr. Stidfole's status was [*sic*] made known to Appellant by Children and Youth Services she refused to acknowledge that evidence of Mr. Stidfole's prior behavior.

Despite this knowledge, Appellant allowed or failed to prevent contact between Adam Stidfole and her daughter. …

Testimony presented by cross[-]examination of Appellant bore out the fact Appellant felt she had a duty of care but as a result of here [*sic*] lack of that duty caused harm to her nine[-]year[-]old daughter.

Appellant's assertions were that others were lying or intentionally false during their testimony at trial, including her daughter.

*Anders* brief at 2 (unnumbered).

The Argument section of the *Anders* brief goes on to state:

> There are no non-frivolous issues preserved for appeal.
>
> * * * * *
>
> Appellant entered into a live[-]in relationship with Adam Stidfole, a convicted Sexual Offender Tier III of Megan's Law. Appellant's nine[-]year[-]old daughter was brought by her into this living arrangement.
>
> Appellant's daughter testified at trial Mr. Stidfole had inappropriate contact with her. Appellant testified asserting her daughter was lying or coached to testify in such [a] manner and Appellant did not violate her duty of care for her daughter.

**Anders** brief at 3-4 (unnumbered). In my view, these statements indicate that counsel believes the sufficiency claim regarding the EWOC conviction is frivolous as the evidence established that Appellant permitted her nine-year-old daughter to reside in the home of a convicted sexual offender and, although warned by Children and Youth Services, failed to take steps to protect her daughter from the abuser. Moreover, the evidence established that the daughter testified to being sexually assaulted by Appellant's paramour. Appellant refused to believe her daughter and, instead, claimed that she, and the other witnesses, were lying. Most significantly, the evidence established that Appellant acknowledged on cross-examination that she believed that she had a duty of care to her child but, as a result of a breach of that duty, she caused harm to her daughter. In my view, this information is sufficient for us to determine counsel's reasons for concluding that the sufficiency claim is frivolous.

Turning to the claim that the sentence was excessive, the **Anders** brief provides:

> Appellant was sentenced to serve a one year to two year term of imprisonment in a State Correctional Institution. Appellant was granted RRRI relief bringing her potential sentence to nine months to two years.
>
> Appellant had a zero prior record score however the [c]ourt in imposing sentence indicated Appellant's lack of care caused such damage to her daughter that the sentence imposed was appropriate.

*Anders* brief at 4 (unnumbered). Again, although I would not point to this brief as an example of what a well-drafted *Anders/Santiago* brief should entail, I find that it is sufficient for us to determine that counsel believes the excessive sentence claim is frivolous as Appellant was sentenced to only one to two years' imprisonment, was afforded RRRI relief and was sentenced based on her lack of care and the damage caused to her nine-year-old child.

For the foregoing reasons, I do not believe that this case should be remanded for counsel to make a subsequent filing. Instead, I believe that the case should be decided on its merits at this time.