J. S66045/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
IVAN BOLSHAKOV, : No. 1063 EDA 2018
:
Appellant :

Appeal from the Judgment of Sentence, March 5, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0001834-2017

BEFORE: GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MAY 13, 2019**

Ivan Bolshakov appeals from the March 5, 2018 judgment of sentence entered in the Court of Common Pleas of Delaware County after a jury convicted him of simple assault, retail theft, and possession of drug paraphernalia.[1] The trial court sentenced appellant to a term of incarceration of one day to two years less one day on the simple assault conviction, followed by a two-year probationary term for the remaining convictions.[2] We remand.

The record reflects that following imposition of sentence, appellant did not file post-sentence motions. Appellant did, however, file a timely notice of

---

[1] 18 Pa.C.S.A. §§ 2701(a)(4) and 3929(a)(1), and 35 P.S. § 780-113(a)(32), respectively.

[2] We note that at the time of sentencing, the trial court found appellant eligible for parole and immediately paroled appellant.

appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of filing a Rule 1925(b) statement, and in accordance with Pa.R.A.P. 1925(c)(4), counsel filed a statement of intent to file an *Anders* brief.[3] The trial court then filed a Rule 1925(a) opinion stating that it did not identify any issue of arguable merit, but that in accordance with *Anders*' procedure, it would await this court's determination. (Trial court opinion, 6/26/18 at 2.)

Upon review of counsel's *Anders* brief and petition to withdraw, we concluded that counsel failed to comply with *Anders* and denied counsel's petition. *Commonwealth v. Bolshakov*, No. 1063 EDA 2018, unpublished memorandum (Pa.Super. filed February 6, 2019). We instructed counsel to file either a compliant *Anders* brief or an advocate's brief within 30 days, at which time we afforded the Commonwealth 30 days to respond. Appellant's counsel timely filed an advocate's brief, and the Commonwealth filed a timely response. In his brief, appellant raises the following issue:

> The Commonwealth failed to produce sufficient evidence that [appellant] committed the offense of Simple Assault pursuant to 18 Pa.C.S.A. § 2701(a)(4) because the circumstances of the case and his limited understanding of the English language raises doubt that he had the requisite *mens rea* to intentionally or knowingly commit the acts charged.

Appellant's brief at 7.

---

[3] *Anders v. California*, 386 U.S. 738 (1967); *see also Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

Because we do not have the benefit of the trial court's reasoning in relation to the sufficiency of the evidence challenge that appellant raises, we remand this case for the preparation of a Rule 1925(a) opinion to be filed within 30 days of the date of this Memorandum.

Case remanded. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/19