J-S38038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MEGAN V. JEWELL, | : | |
| | : | |
| Appellant | : | No. 109 WDA 2018 |

Appeal from the Judgment of Sentence January 5, 2018
in the Court of Common Pleas of Venango County Criminal Division
at No(s): CP-61-CR-0000312-2014
CP-61-CR-0000353-2017
CP-61-CR-0000366-2017
CP-61-CR-0000387-2017

BEFORE:   BOWES, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:   **FILED AUGUST 21, 2019**

Megan V. Jewell (Appellant) appeals from the January 5, 2018 judgment of sentence of an aggregate term of 32 to 64 months' incarceration following the revocation of her probation and after pleading guilty to two counts each of retail theft and aggravated assault.

Due to our disposition herein, we need not provide a detailed factual summary.  We do, however, set forth the relevant procedural history of this matter.   On January 5, 2018, Appellant was sentenced to the aforementioned term of incarceration.  Appellant did not file a post-sentence motion, but on January 16, 2018, Appellant timely filed a notice of appeal. That same day, the trial court entered an order directing Appellant to file a

---

*Retired Senior Judge assigned to the Superior Court.

concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). No statement was filed. On March 20, 2018, the trial court filed an opinion stating that Appellant's failure to file a concise statement constituted waiver of all issues on appeal. Opinion of Court, 3/20/2018, at 1-2.

In this Court, counsel for Appellant, Matthew C. Parsons, Esquire, filed both an **Anders**[1] brief and a petition to withdraw as counsel. Upon review, this Court, in a memorandum filed August 27, 2018, determined that Attorney Parsons did not comply with the requirements of **Anders**.[2] Specifically, our review of the certified record revealed the absence of a written guilty plea colloquy, as well as the transcripts of Appellant's guilty plea and **Gagnon II** hearing. Additionally, Attorney Parsons failed to cite to

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court has expounded upon the requirements of **Anders**.

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

any pertinent transcript within his brief. Due to these deficiencies, we denied Attorney Parsons's petition to withdraw and remanded this case. We instructed Attorney Parsons to complete the record and then "file either an advocate's brief or a new petition to withdraw and *Anders* brief that fully comply with the requirements detailed above." *Commonwealth v. Jewell*, 195 A.3d 1033, *3 (Pa. Super. 2018) (unpublished memorandum).

Several months later, this case returned to this Court following remand. A review of the record reflected that, per our request, the certified record had been supplemented. However, we ultimately determined that Attorney Parsons failed to comply with this Court's directives. Specifically, Attorney Parsons filed the same *Anders* brief previously filed with this Court, which we had already determined to be inadequate. Thus, we remanded this case once again and directed Attorney Parsons to file either an advocate's brief or a compliant *Anders* brief, and to comply with all of this Court's directives. *Commonwealth v. Jewell*, ___A.2d___, 2019 WL 1307452, *2 (Pa. Super. 2019) (unpublished memorandum).

Instead of filing either an advocate's brief or compliant *Anders* brief, on April 8, 2019, Attorney Parsons filed a petition to withdraw as counsel, averring he was no longer employed "with the Venango County Public Defender's Office" and that "someone else ha[d] been assigned to this case." Petition to Withdraw, 4/8/2019. On May 1, 2019, this Court denied Attorney Parsons's request without prejudice, advising Attorney Parsons that he may

- 3 -

refile his petition to withdraw once substitute counsel entered an appearance. Order, 5/1/2019. Soon thereafter, Tina M. Fryling, Esquire, entered her appearance in this case on behalf of Appellant.[3]

On May 15, 2019, Attorney Fryling filed a brief which included, *inter alia*, an argument section setting forth the merits of Appellant's claim, an argument section "pursuant to **Santiago**[,]" explaining why Appellant's issue was without merit, and a paragraph titled "conclusion[,]" which stated that "[t]here are no non-frivolous issues for review in this case." Appellant's Brief at 5. Thus, it appears Attorney Fryling is attempting to assert that Appellant's appeal is wholly frivolous. Notably, however, Attorney Fryling neither filed a corresponding petition to withdraw nor followed the procedures pursuant to **Anders** and **Santiago**.[4]

---

[3] Attorney Parsons has yet to refile a petition to withdraw. In light of Attorney Fryling's entry of appearance, Attorney Parsons should now file a petition to withdraw as counsel for Appellant.

[4] Counsel seeking to withdraw under **Anders** and its progeny

> must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

In light of the foregoing, we direct Attorney Fryling to file either an advocate's brief or a compliant **Anders** brief[5] and petition to withdraw, along with an accompanying letter advising Appellant of her right to retain new counsel, proceed *pro se*, or raise any additional points Appellant deems worthy of this Court's attention. Counsel is directed to comply with every aspect of this memorandum within 30 days of the date this memorandum is filed.[6] Appellant and the Commonwealth shall have 30 days from the date that counsel files her brief in order to file a responsive brief.

Jurisdiction retained.

---

> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

[5] To be clear, counsel's new **Anders** brief **must** follow all of the requirements described in footnote two, *supra*.

[6] Lastly, we note with extreme displeasure the excessive delay in this case and the manner in which this case has been handled by prior and current court-appointed counsel. It has been 18 months since Appellant filed a notice of appeal in this straight-forward probation revocation case, but due to the errors of counsel, this Court has not been afforded the opportunity to review this appeal on its merits. Such a delay is unacceptable. We direct current counsel to review carefully the instructions and case law set forth *supra* and comply with the aforementioned requirements, so as to allow this Court to dispose of this case promptly upon the receipt of new filings from counsel.

Judge Nichols joins this memorandum.

Judge Bowes joins and files a concurring statement for this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/21/19