J-S59027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUDRETTE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 7 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 29, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0007268-2017,
CP-09-CR-2483-2017

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY NICHOLS, J.:        **FILED NOVEMBER 14, 2019**

Appellant appeals from the judgment of sentence following a bench trial and convictions for possession with intent to deliver, possession of a firearm prohibited, and firearm not to be carried without a license.  Appellant's counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and its Pennsylvania counterpart, ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  In light of the Pennsylvania Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), we quash.  Counsel's petition to withdraw is denied without prejudice.

The relevant facts giving rise to this appeal are well known to the parties, and we need not restate them here.  On December 19, 2018, Appellant filed a timely, single notice of appeal listing both of the above-captioned docket numbers, at docket no. 2483-2017.  This Court subsequently

issued a rule to show cause why the appeal should not be quashed. Counsel filed a response acknowledging only a single notice of appeal was filed, and this Court deferred the resolution of the issue to this panel.

In **Walker**, the Pennsylvania Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. The Court explained that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Id.** at 976-77. Further, the Court announced, "in future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." **Id.** at 977 (footnote omitted).

Instantly, Appellant filed a single notice of appeal listing both docket numbers from the judgment of sentence. Because Appellant filed the notice of appeal after our Supreme Court's decision in **Walker**, we are constrained to quash this appeal.

Appeal quashed. Counsel's petition to withdraw denied without prejudice.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/14/19</u>