J-S65040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ALLEN CAMP, JR. | : | |
| | : | |
| Appellant | : | No. 1023 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 28, 2019
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000206-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ALLEN CAMP, JR. | : | |
| | : | |
| Appellant | : | No. 1024 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 28, 2019
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000207-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ALLEN CAMP, JR. | : | |
| | : | |
| Appellant | : | No. 1025 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 28, 2019
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000208-2018

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED JANUARY 06, 2020**

Appellant, Jeffrey Allen Camp, Jr., appeals from the aggregate judgment of sentence of 21 to 54 years of confinement, which was imposed after he pleaded guilty to six counts of rape by forcible compulsion.[1]  We remand for additional proceedings consistent with this decision.

On October 16, 2018, Appellant pleaded guilty to the aforementioned charges at three separate docket numbers.  On December 31, 2018, Appellant's plea counsel ("Plea Counsel") filed a petition to withdraw.  The petition noted that Appellant "wishes to withdraw his guilty plea[,]" but no separate motion to withdraw guilty plea was filed.  Petition to Withdraw/Appoint New Counsel, 12/31/2018, at ¶ 4.  On January 28, 2019, the trial court sentenced Appellant to the aforementioned sentence and entered an order denying Plea Counsel's petition to withdraw as counsel and denying Appellant's petition to withdraw his guilty plea.

On February 7, 2019, Appellant filed a "Motion for Post-Sentence Relief and Motion to Withdraw as Counsel" in which he "avers" that the trial court "erred by not permitting his guilty plea to be withdrawn when he is innocent of these charges" and "by not permitting [Plea Counsel] to withdraw as

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(a)(1).

- 2 -

[c]ounsel when the attorney-client relationship is irretrievably broken." Motion for Post Sentence Relief and Motion to Withdraw as Counsel, 2/7/2019, at 2 ¶¶ 5-6. On March 26, 2019, the trial court denied Appellant's motion to withdraw his guilty plea and deferred ruling on Plea Counsel's motion to withdraw as counsel. On April 12, 2019, Appellant filed timely notices of appeal at each docket number.

On April 18, 2019, the trial court ordered Appellant, "within twenty-one (21) days of the date [of] entry of this Scheduling Order, [to] file of record in the [trial] court a concise statement of the errors complained of on appeal"; the order warned that "[a]ny issue not properly included in the Statement timely filed and served pursuant to the provisions of this Order shall be deemed waived." Scheduling Order, 4/18/2019, at ¶¶ 1, 3.

On April 29, 2019, Plea Counsel filed a document that she styled as a "Concise Statement of Matters Complained of on Appeal pursuant to Rule 1925(b)," which stated, in its entirety: "AND NOW, comes Trisha Hoover Jasper, Esquire, attorney for Jeffrey A. Camp and hereby respectfully notifies the Court of her intention to file a brief in this matter pursuant to **Anders/McClendon**."[2] (Hereinafter, this filing shall be referred

---

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), *abrogated by* **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

to as "Pa.R.A.P. 1925(c)(4) Statement."[3])  On May 21, 2019, the trial court granted Plea Counsel's petition to withdraw and appointed new appellate counsel ("Appellate Counsel").  Appellate Counsel never requested to amend the Statement.

Appellant now presents the following issues for our review:

I.      Whether the trial court erred/abused its discretion in denying [Appellant]'s motion to withdraw his guilty plea prior to sentencing?

II.     Whether the trial court erred/abused its discretion in denying [Appellant]'s motion to withdraw his guilty plea after sentencing?

Appellant's Brief at 12 (suggested answers omitted).

Neither of these challenges were included in Appellant's Pa.R.A.P. 1925(c)(4) Statement, and, normally, "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."  Pa.R.A.P. 1925(b)(4)(vii).  However, Appellant's brief was filed by Appellate Counsel, who was not appointed until after Appellant's Pa.R.A.P. 1925(c)(4) Statement was timely filed by Plea Counsel.

_____

[3] Pa.R.A.P. 1925(c)(4) provides as follows:

In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an ***Anders/Santiago*** brief in lieu of filing a Statement.    If, upon review of the ***Anders/Santiago*** brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Pa.R.A.P. 1925(a), or both.  Upon remand, the trial court may, but is not required to, replace appellant's counsel.

In ***Commonwealth v. Woods***, 909 A.2d 372, 378 n.11 (Pa. Super. 2006), this Court noted that "an appellant who has filed a timely Pa.R.A.P. 1925(b) statement, and then for good cause shown discovers that additional time is required to file a supplemental Pa.R.A.P. 1925(b) statement, may file a separate petition seeking permission to file a supplemental Pa.R.A.P. 1925(b) statement *nunc pro tunc*." Since, in the current appeal, Plea Counsel timely filed the Pa.R.A.P. 1925(c)(4) Statement in lieu of a Pa.R.A.P. 1925(b) statement, Appellate Counsel could have sought permission to file an amended or supplemental concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) *nunc pro tunc*, raising the claims now contained in Appellant's brief to this Court. ***See Woods***, 909 A.2d at 378 n.11.

Additionally, Pa.R.A.P. 1925(c)(4) itself provides that, when appointed counsel elects to file a statement indicating his or her intent to file an ***Anders*** brief pursuant to said subsection, rather than a concise statement of errors pursuant to Pa.R.A.P. 1925(b), but this Court's independent review of the record reviews issues that are arguably meritorious, those issues are not waived for failure to have been preserved in a concise statement pursuant to Pa.R.A.P. 1925(b). The current situation differs slightly from the norm in that one counsel filed a Pa.R.A.P. 1925(c)(4) Statement of her intent to file an ***Anders*** brief rather than a Pa.R.A.P. 1925(b) Statement, but another counsel filed an advocate's brief, not an ***Anders*** brief. The purpose of Pa.R.A.P. 1925(c)(4) is to **avoid** a finding of waiver of issues where any appointed

counsel incorrectly assesses the existence of an arguably meritorious issue. In the current case, Appellate Counsel clearly believes that Plea Counsel incorrectly assessed the existence of arguably meritorious issues,[4] and the purpose of Pa.R.A.P. 1925(c)(4) would be served by its application in this case. Accordingly, pursuant to Pa.R.A.P. 1925(c)(4), we remand this matter for Appellate Counsel to file a Pa.R.A.P. 1925(b) Statement raising the questions from its brief. This new Pa.R.A.P. 1925(b) Statement must be filed within 21 days of the date that the certified record is returned to the trial court. We further order the trial court to file a supplemental opinion within 30 days of the date that Appellate Counsel files a Pa.R.A.P. 1925(b) Statement.

Case remanded for additional proceedings consistent with this decision. Panel jurisdiction retained.

---

[4] This Court makes no assessment at this time as to the merits of Appellant's challenges.