J-S67025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEAN MICHAEL JIMENEZ A/K/A JEAN | : | |
| MICHAEL SERRANO | : | |
| | : | No. 645 MDA 2019 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered April 16, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001636-2018,
CP-40-CR-0001637-2018, CP-40-CR-0004178-2018

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:                **FILED JANUARY 16, 2020**

Appellant, Jean Michael Jimenez a/k/a Jean Michael Serrano, appeals from the Judgment of Sentence entered in the Luzerne County Court of Common Pleas, following his guilty pleas to multiple counts of Possession with Intent to Deliver (PWID), Aggravated Assault, Recklessly Endangering Another Person (REAP), Persons Not to Possess Firearms, Criminal Use of Communication Facility, and Driving while Operating Privilege

_____

[*] Former Justice specially assigned to the Superior Court.

Suspended/Revoked.[1]    Based on our Supreme Court's decision in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), we quash this appeal.[2]

In January 2018, police conducted a "buy-bust" operation in which Appellant negotiated the sale of heroin with a confidential informant.[3]  As officers approached his vehicle, Appellant sped away from the scene, nearly striking an officer.  Police later found the vehicle unoccupied and seized heroin from it.

Thereafter, several law enforcement agencies converged on a residence in Wilkes-Barre to apprehend Appellant.  Officers took Appellant into custody and, pursuant to a search warrant, seized heroin, methamphetamine, cocaine, and marijuana from the residence.  In addition, officers seized a Glock semi-automatic pistol.

In April 2019, Appellant pleaded guilty as follows.  At Docket No. 1636-2018, Appellant pleaded guilty to four counts of PWID and one count of Persons Not to Possess Firearms.  At Docket No. 1637-2018, Appellant pleaded guilty to one count each of PWID, Aggravated Assault, REAP, and

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. §§ 2702(a)(2), 2705, 6105(c)(1), 7512; 75 Pa.C.S. § 1543, respectively.

[2] In this Court, counsel has filed an *Anders* Brief and Petition to Withdraw. *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).  In light of our disposition, we deny counsel's Petition as moot.

[3] We derive the facts and procedural history from the trial court's Pa.R.A.P. 1925(b) Opinion, filed August 21, 2019.

Criminal Use of Communication Facility.  At Docket No. 4178-2018, Appellant pleaded guilty to Driving while Operating Privilege Suspended/Revoked.  The trial court imposed an aggregate sentence of 96 to 192 months of incarceration, plus fines, costs, and restitution.

In April 2019, Appellant *pro se* filed a single Notice of Appeal listing each of his three docket numbers.  Thereafter, Appellant timely filed a counseled Post-Sentence Motion, which was denied, thus perfecting Appellant's appeal.[4] Appellant filed a court-ordered Pa.R.A.P. 1925(b) Statement, and the court filed a responsive Opinion.

In June 2018, our Supreme Court disapproved of the common practice of filing a single notice of appeal from an order or judgment involving more than one docket number.  **See generally Walker**, **supra**.  The Court observed that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket." **Walker**, 185 A.3d at 977.  Accordingly, the Court determined, "[t]he failure to do so requires the appellate court to quash the appeal." **Id.**

In this case, Appellant filed a single Notice of Appeal from the Judgments of Sentence imposed at three separate docket numbers.  Appellant's appeal postdates the **Walker** decision.  Accordingly, we are constrained to quash this appeal.

---

[4] **See Commonwealth v. Cooper**, 27 A.3d 994 (Pa. 2011).

Appeal quashed; Petition to Withdraw denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2020