J-S27026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELISSA A. MESSNER | : | |
| | : | |
| Appellant | : | No. 3003 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 29, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000729-2021

BEFORE:   LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

JUDGMENT ORDER BY NICHOLS, J.:               **FILED OCTOBER 24, 2024**

Appellant Melissa A. Messner appeals from the judgment of sentence imposed following her conviction of aggravated assault by vehicle while driving under the influence (DUI) and related offenses.  Appellant's counsel, Scott J. Werner, Jr., Esq., (Counsel) has filed a petition to withdraw and an **_Anders_**/**_Santiago_**[1] brief.  After careful review, we remand for the trial court to file an opinion pursuant to Pa.R.A.P. 1925(a).

Briefly, following a jury trial, Appellant was convicted of aggravated assault by vehicle while DUI and other related offenses following an incident in 2020.  The trial court imposed an aggregate sentence of thirty to sixty months' incarceration.  Appellant filed a post-sentence motion, which the trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_Anders v. California_**, 386 U.S. 738 (1967); **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

court denied on October 20, 2023. However, the docket reflects that the parties were not served with the trial court's order until October 23, 2023. Appellant filed a notice of appeal on November 21, 2023.

The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(a) opinion, the trial court issued a statement concluding that the instant appeal should be quashed because Appellant did not file a timely notice of appeal. On appeal, Counsel filed an **Anders**/**Santiago** brief and a petition to withdraw.

The Pennsylvania Rules of Appellate Procedure state that a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. **See** Pa.R.A.P. 903(a). In a criminal case in which a post-sentence motion is filed, the thirty-day period for filing a timely notice of appeal begins to run when the order disposing of the post-sentence motions is entered. Pa.R.Crim.P. 720(A)(2)(a). Further, the Rules of Appellate Procedure state that "the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties." Pa.R.A.P. 108(a)(1), (d)(1) (applying Pa.R.A.P. 108(a)(1) to the date of entry of criminal orders); **see also** Pa.R.Crim.P. 114(B)(1) (stating that "[a] copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented").

In the instant case, the trial court entered an order denying Appellant's post-sentence motion on October 20, 2023. However, the record reflects that the parties were not served until October 23, 2023. Accordingly, Appellant's

notice of appeal, which was filed on November 21, 2023, was timely filed. *See* Pa.R.A.P. 108(a)(1); Pa.R.Crim.P. 720(A)(2)(a).

Having determined that the appeal was timely filed within thirty days from the October 23, 2023 service of the order denying Appellant's post-sentence motion, we remand for the trial court to prepare a supplemental Rule 1925(a) opinion within thirty (30) days addressing the merits of the issues identified by Counsel in his ***Anders***/***Santiago*** brief.[2]  The Prothonotary of this Court shall send a copy of Counsel's ***Anders***/***Santiago*** brief to the trial court for its consideration in its supplemental opinion.

Case remanded.  Jurisdiction retained.

---

[2] In his ***Anders***/***Santiago*** brief, Counsel identified sufficiency of the evidence and weight of the evidence as the issues raised in Appellant's post-sentence motion.  Because Appellant has already filed an ***Anders***/***Santiago*** brief with this Court, we elect not to remand for the filing of a concise statement of errors complained of on appeal.  *See* Pa.R.A.P. 1925(c)(4) (permitting counsel intending to withdraw pursuant to ***Anders***/***Santiago*** to file an intent to withdraw in lieu of a concise statement of errors complained of on appeal).